## SCOTTISH-AMERICAN MORTGAGE COMPANY v. ALBERT N. BUNCKLEY.*

1. **DEEDS.** *Construction. Vested remainders. Conditional limitations.*

    A deed to land wherein the grantor, reserving a life estate in himself, conveyed the remainder to his three sons, providing that after his death the lands should be equally divided among the three sons, and further, if either of the sons should die without leaving a child or children surviving, then the survivor or survivors and their children should take the whole of the property granted, created a vested remainder in fee in the three sons to take effect in possession on termination of the life estate, defeasible on the death of either remainderman at any time without leaving a child or children surviving him, and the estate in remainder would vest in the survivors and their children.

2. **SAME.**

    A deed by which the grantor conveyed to a trustee lands in trust for the grantor and his wife during their lives, remainder in fee to his three sons (one of whom was the trustee) and their heirs in equal shares, the deed providing that should either of the sons die before or after the death of the grantor's wife, without a child or children surviving, then his shares in the lands to go to the survivor or survivors of such three sons, and the descendants of such survivor or survivors in equal shares forever, created a vested remainder in fee to the three sons to take effect in possession on termination of the precedent estate, but the interest of each of the sons was defeasible on his death at any time without leaving a child or children surviving, and the estate in remainder would vest in the survivors and their children.

FROM the chancery court of Franklin county.

HON. WILLIAM C. MARTIN, Chancellor.

Bunckley, appellee, was complainant in the court below; the mortgage company, appellant, was defendant there. From a decree overruling a demurrer to the bill of complainant defend-

---

*For a previous litigation over the property and deeds involved in this case see *Bunckley v. Jones*, 79 Miss., 1.

ant appealed to the supreme court.    The facts are stated in the opinion of the court.

*Green & Green* and *Calvin Perkins*, for appellants.

*House* v. *Gumble*, 78 Miss, 259; *Montgomery* v. *Bank*, 30 So. Rep. (Miss., 1901), 635; 2 Black. Com., 107, 108; 2 Minors Inst., 84; 2 Th. Co., Ltd., 25, *et seq.;* 1 Lum. Dig., 334, *et seq.;* 2 Jarm. on Wills (5th ed. Bigelow) 14, *et seq.*; 6 Am. & Eng. Ency. Law (2d ed)., 504, 506; *Gadberry* v. *Sheppard*, 27 Miss. (1854), 208; 4 Kent. Comm., 131; *Carradine* v. *Carradine*, 33 Miss., 727; *Dunbar* v. *Aldrich*, 31 So. Rep., 341; *Robinson* v. *Payne*, 33 Miss., 690, 708; 9 Am. & Eng. Ency. Law (2d ed.), 141, 142, 143, and notes; *Richardson* v. *Marquese*, 59 Miss., 93, 94; *Ray* v. *Speers*, 64 S. W., 413 (Ky., 1901); *Halsey* v. *Gee*, 79 Miss., 193; *Busby* v. *Rhodes*, 58 Miss., 240; *Sims* v. *Conger*, 39 Miss., 310; 1 Jarm. on Wills, 237; *Jordan* v. *Roach*, 32 Miss., 481; *Leigh* v. *Harrison*, 69 Miss., 935; 2 Minors Just. (14th ed.), 84, 85; 2 Wash. Real Prop., 291; Gray on Perp., secs. 198, 201, 214, 422, 306; 2 Black. Com., 174; *Long* v. *Blackall*, 77 —— Rep., 100; Perry on Trusts, secs. 380, 381; *Seidler* v. *Sims*, 56 N. J. Eq., 275; *Loring* v. *Blake*, 98 Mass., 253; *Sears* v. *Putnam*, 102 Mass., 5; *Fowler* v. *Duhun*, 142 Ind., 293; *Lawrence* v. *Smith*, 163 Ill., 160; Johnston's App., 185 Pa. St., 179; *Hafner* v. *Irwin*, 34 Am. Dec., 390; *Blair* v. *Osborne*, 84 N. C., 417; 3 Wash. Real. Prop., 463; *Nightingale* v. *Hidden*, 7 R. I., 118; *Caldwell* v. *Willis*, 57 Miss., 565.

*Theodore McKnight*, for appellee.

*Atkinson* v. *Sinnott*, 67 Miss., 502; *Gray* v. *Regan*, 23 Miss., 304; *Johnson* v. *Delome, etc., Co.*, 77 Miss., 15; Black. Com. Book, 2, 107; Tiedman's Real Prop., sec. 37; *Morgan* v. *Hazlehurst Lodge*, 53 Miss., 675; *Harris* v. *McCann*, 75 Miss., 805; *Pressgrove* v. *Comfort*, 58 Miss., 644; *Fowler* v. *Black*, 11 L. R. A., 672; *Hubbard* v. *Selser*, 44 Miss., 713; 2 Pres-

ton on Estates, *4 and *5; 1 Wash. on Real Prop., sec. 53; Tiedman on Real Prop., sec. 35; Blackstone Com., Book 2, ch. 7, *9, *10; Preston on Estates, vol. 1, *430 and 431; *432, *433, *434; 4 Kent, *9; Wash. on Real Prop., Book 1, ch. 3, sec. 79, *62; Tiedman on Real Prop., ch. 4, sec. 44, p. 33; *Busby* v. *Rhodes*, 58 Miss., 237; *Dunlap* v. *Fant*, 74 Miss., 197; *Beeks* v. *Rye*, 77 Miss., 358; *Halsey et al* v. *Gee et al*, 30 So. Rep., 604; Preston on Estates, *4, *5 Black Com., Book 2, at last of *107; Wash. Real Prop., Book 1, ch. 3, sec. 53; Tiedman Real Prop., sec. 37; *Hubbard* v. *Selser*, 44 Miss., 712; *Jeffrey* v. *Honeygood*, 4 Madd., 211, 213, at top of page; *Sisson* v. *Seaburry*, 1 Sumner, 235; *Frank* v. *Frank*, (Pa.), Mch., 1898, cited in note on p. 672, Book 2, L. R. A.; *Leathers* v. *Gray*, 96 N. C., 548 (4 Kent, 201–202); Wash. on Real Prop., Book 2, sec. 2; Head Cross Remainders; Preston on Estates, vol. 1, pp. 95 to 105 inclusive, vol. 20 (1 ed.), Am. & Eng. Ency. Law, pp. 868–873, inclusive and notes; *Reber* v. *Dowling*, 65 Miss., 259; *Galsey* v. *Gee*, 30 So. Rep., 604; *Harris* v. *McCann*, 75 Miss., 805; *Cannon* v. *Berry*, 59 Miss., 289; *Peeler* v. *Peeler*, 68 Miss., 141; *Hawkins* v. *Hawkins*, 72 Miss., 749; *Hart* v. *Gardner*, 74 Miss., 158.

Argued orally by *Garner W. Green*, and *Marcellus Green*, for appellant, and by *Theodore McKnight*, for appellee.

CAMPBELL, Special J., delivered the opinion of the court. *

On May 10, 1847, Ransom Bunckley had a wife, and three sons and a daughter, who were married; and he was the owner of a large quantity of land, and many slaves and other property. His wife's name was Mary Ann, and his sons were named Nathan, Ransom P. and Douglas. Nathan was married and had three children then, and several were born to him afterwards. One of the three children of Nathan then living

---

* Judge Calhoon having, before his appointment to the bench, been of counsel in another litigation between the parties touching the land in controversy, recused himself, and J. A. P. Campbell, Esq., a member of the supreme court bar, was appointed special judge, and presided in his place.

wás W. R. Bunckley. Ransom P. Bunckley had no children on May 10, 1847, but three were born to him afterwards, and before 1861, and were living then. Mary Ann Bunckley died in 1853. Douglas Bunckley died childless in 1861. Ransom P. died in 1867, leaving children surviving him. Ransom Bunkley, the grantor, died in 1870, and Nathan died in 1901, leaving surviving him his children, the complainant and W. R. Bunckley, the last named having, in 1898, conveyed all his interest in the property involved in this suit to the complainant, so that complainant claims in his own right, and derivatively from others, by virtue of what will now be stated: On May 10, 1847, Ransom Bunckley, joined by his wife, Mary Ann, executed a conveyance by which he granted to his three sons, Nathan, Ransom P. and Douglas, " and their heirs and assigns forever," a large quantity of land in Mississippi, and many slaves, and much other property, to be enjoyed after the death of the grantor, Ransom, who reserved to himself full and complete ownership and control during his life, as if the deed had not been executed, and provided that after his death the property was to be equally divided between the three grantees, and, if either of them should die at any time " without leaving a child or children surviving, then, and in that event the survivor or survivors and their children shall take the whole of the property " granted. This deed is Exhibit A to the bill. On the same day, as a part of the same scheme, Ransom Bunckley, joined by his wife, executed a deed, filed as Exhibit B to the bill, whereby he conveyed to his son Nathan, as trustee, land and slaves in trust for the grantors during the life of the grantor Ransom, and after his death, if his wife, Mary Ann, should survive him, to convey to her, for the term of her life (to be in lieu of her interest in his estate), and in remainder in fee simple to Nathan, Ramsom P. and Douglas Bunckley, and their heirs, in equal shares. " But should the said Nathan, Ransom or Douglas die, either before or after the death of said Mary Ann, without child or children surviving,

then, and in that event to the survivor or survivors of my three sons, Nathan, Ransom and Douglas, and the descendants of such survivor or survivors, in equal shares, forever.'' The provisions of this deed as to the remainder after the life estate are the same as the first mentioned, except '' descendants '' of the survivor or survivors stands in the place of '' children,'' which is the term used in the first. The legal effect of the two deeds as to the limitations after the life estates and as to the ulterior limitees is the same. Nathan Bunckley disposed of lands conveyed by the deeds set forth as Exhibits A and B, and various dealings about the lands are set forth in the bill, which is brought by Albert N. Bunckley, who claims that on the death of Nathan Bunckley, his father, 'the last survivor of the three sons of Ransom Bunckley, he, the said Albert N., and his brother, W. R., as ulterior limitees under the deeds, A and B, became entitled to the lands, and that he, in his own right, and as assignee of W. R., the ulterior limitee, is entitled to have canceled, as clouds on his title, all the deeds described, except that from W. R. to him. The bill was demurred to for want of equity. The demurrer was overruled and appeal taken.

The question presented is as to the effect of the deeds A and B. There is a third deed, executed by Ransom Bunckley on the same day as the others, whereby he conveyed certain slaves to a trustee for the use of his daughter; but it has no influence on this case, although set forth in the bill, and we make no further mention of it. The theory of the bill has been already mentioned, and the argument to support it is that the deeds A and B, which vested remainders in the three sons, had the effect, on the death of Douglas childless, to vest in his surviving brothers life estates, and on the death of Ransom P. the estate vested in Nathan for his life, and on his death the fee vested in his children then living, as the ulterior limitees, within the meaning of the deeds. The argument on the other side, not wholly, but chiefly, is that there is fatal repugnancy between

the granting part of the deeds and the subsequent limitations, and they are void on this ground, and the fee was by the granting clause vested in the three grantees, and, if this be not true, that the rule against perpetuities was violated, and on this ground the ulterior limitations were void.

In our view there is no repugnancy in the deeds, and they do not violate the rule against perpetuities or remoteness, and the limitations in them were valid. The deed A created a remainder in fee in the three sons, Nathan, Ransom P. and Douglas, to take effect, in possession and enjoyment, after the death of the grantor, Ransom Bunckley. The fee in remainder was vested, but defeasible, and liable to be divested, upon the happening of the contingency named, to wit, the death of either remainderman at any time without leaving a child or children surviving, when it (the estate in remainder) was to vest in the survivor or survivors and their children. The provision is not that the share or interest of the decedent shall vest in the survivors and children, but survivors and children shall take the whole property conveyed. The legal effect of the deed was, on the death of any of the remaindermen without child or children surviving him, to shift the whole estate in remainder, and vest it, as a whole, in survivors and their children. The provision is a conditional limitation whereby a shifting or secondary use was created, making a substitutional gift to ''survivors and their children,'' who, on the death of one of the remaindermen, became joint owners of the remainder before in the three sons of the grantor. Had the provision been that on the death, childless, of either remainderman his interest should vest in the survivors, the result would have been to vest the whole in the two survivors, with no interest in their children. Under the plain terms of the deed the '' survivors and their children '' took a new estate created by the conditional limitation, substituting the estate made by it for that before existing. On the death of Douglas without a child surviving him the conditional limitation took effect, and the whole

estate in remainder was vested in the two "survivors and their children." Ransom P. and Nathan Bunckley and their children were co-owners of the fee in remainder, which was liable to be divested by the death of Ransom P. or Nathan without children surviving. But as both died leaving children surviving, the possibility of any further operation of the conditional limitation was destroyed, and what before was defeasible became indefeasible. The estate of each co-tenant, though defeasible until the death of the last survivor of the three original remaindermen, was subject to all the incidents of ownership. Disposed of by any of the owners, it was held subject to be divested or freed from that liability when the contingency on which it might be divested was rendered impossible. We reject the view that, under the act of 1822 (Hutch., code, 609, § 23), words of inheritance were necessary to convey a fee, and are unable to discover any support for the proposition that only a life estate was taken by Ransom P. and Nathan Bunckley. The deed Exhibit B is to a trustee, and created a remainder for life in Mary Ann Bunckley, after the demise of the grantor, Ransom, with remainder in fee to Nathan, Ransom P. and Douglas Bunckley, with the same conditional limitation as contained in Exhibit A, but with the use of the word "descendants" instead of "children;" and what we have said about the deed A is applicable to B. Mary Ann did not survive Ransom, her husband, and the remainder to her failed, and that to the three sons took effect, with the changes above spoken of. The complainant, in his own right, by the terms of the deeds, and as grantee of his brother, W. R., had an estate in the lands described in the bill, and the demurrer was properly overruled.

We have given this case much consideration, examining with great care and patience the various theories and arguments of counsel, and books cited on both sides, and might have filled many pages with the reasoning by which our conclusion was reached; but we content ourselves with merely stating results,

without referring to any books, of the great number examined.

*Affirmed and remanded for answer within thirty days after mandate filed below.*