Mr. Justice Clayton
delivered the opinion of the court.
This case was formerly in this court, and the decision there made is reported 10 S. & M. 521, under the name of Watson et al. v. Hannum. The decree of the vice-chancellor was then reversed, and the cause remanded. The court in its opinion said, “ that the third and fourth sections of the redemption law are designed to keep the real estate sold under execution open for bids from the execution debtor and his creditors for the space of two years.” — “ All parties being in court, Hannum must be allowed to state his ultimatum price, and that be then submitted to Cameron or his representatives for their conclusion?’
When the cause went back, Hannum filed a written offer to credit his judgment with the sum of two thousand five hundred dollars, which we must take to be his ultimatum. Afterwards Cameron asked and obtained leave from the court to file an amendment to his original bill, in which he made a statement in regard to his original offer to redeem before his first bill was filed, setting out the circumstances more in detail. Upon this amendment, and the proof in support of it, the court decreed that the title to the land be divested out of Hannum and vested in Cameron, and appointed a commissioner to convey.
These proceedings show an entire disregard of the order of this court. No attention was paid to the direction given, and the vice-chancellor reversed not only the order of this court, but his own original decree. This was done, too, not upon any alleged discovery of new matter, but upon an amendment of the original bill, setting out more fully the same facts which formed the basis of the original bill. It is surely not admissible for a party to try his case by halves, and after a decision against him in the court below, and a decree in this court determining and defining his rights, to vary the phasis of the same facts, and ask another and different decision upon them.
We cannot but regard his conduct as a determination to refuse to advance upon the last bid of Hannum. The offer was submitted to him in accordance with the direction of this court; his refusal closes the transaction. We shall not question the construction placed by the supreme court of Tennessee upon their *514 statute for the redemption of lands sold under execution, in the case of Cooley v. Weeks, 10 Yerg. 144, cited by counsel in argument. We have adopted that construction in this case, which we esteemed most conducive to the ends of justice.
The decree of the court below is reversed, and the bill dismissed with the costs against the complainant in this court and the court below.