LAURA F. PLUMMER and another *vs.* BENJAMIN F. HILTON.

Lincoln. Opinion April 7, 1886.

*Will. Devise. Life-estate. R. S., c. 73, § 6.*

A testator made a devise in these words: "The certain lot of land aforesaid set off to me from my son, Isaac Hilton, Junior, I devise, give and bequeath to him, the said Isaac, Junior, in trust for his heirs so long as he shall live and after his death, to his heirs, their heirs and assigns, to have and to hold forever." *Held,* that the effect of this devise under R. S., c. 73, § 6, was to vest a life-estate in Isaac Hilton, Junior, and a fee simple in his heirs.

ON report of facts agreed.

Writ of entry to recover possession of certain real estate in Jefferson.

*A. P. Gould and J. E. Moore,* for the plaintiffs.

*Rufus K. Sewall,* for the defendant.

WALTON, J. This is a real action. The plaintiffs derive their title as follows :—

Isaac Hilton, Senior, devised the demanded premises to his son, Isaac Hilton, Junior, " in trust for his heirs so long as he should live, and after his death, to his heirs, their heirs and

assigns, to have and to hold forever." The effect of this devise, under our statute (R. S., c. 73, § 6), was to vest an estate for life in Isaac Hilton, Junior, and a fee simple in his heirs. Isaac Hilton, Junior, conveyed to his son, Benjamin F. Hilton, the other children of Isaac joining in the conveyance to their brother. The effect of this conveyance was to vest the whole title in Benjamin F. Hilton. The title then passed from Benjamin F. Hilton to Nancy C. Ames by the levy of an execution upon the land. Nancy C. Ames died and the title passed by descent to the plaintiffs as her heirs at law.

It is thus seen that the plaintiffs have apparently a valid title to the demanded premises, and are entitled to a judgment in their favor. And the defendant's counsel admits that this is so, if the effect of the devise from Isaac Hilton, Senior, to Isaac Hilton, Junior, was to vest a life estate in the latter, and a fee simple in his heirs. But he claims that such was not its effect. He claims that the first taker and his heirs held the estate in trust for the great grand children of the devisor, and that, till it reached the latter, it could not be legally levied upon. We are unable to sustain this proposition. We think the effect of the devise was, under our statute already cited, to vest a life estate in the first taker and a fee simple in his heirs, and that the estate was legally levied upon, and that the title is now vested in the plaintiffs. As agreed in the report, the entry must be,

<em>Defendant defaulted.</em>

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.