ANNIE E. CHILES *v*. JOHN F. CHAMPENOIS ET AL.

1. RES JUDICATA.   *Bill to remove clouds from title.   Decree.*

> Complainant's title having been put in issue, a decree on final hearing dismissing a bill to remove clouds, though resulting from a defect of proof, is *res judicata*, and bars a subsequent suit by him against the same parties involving the title to the same land.

2. PARTIES.   *Bill to redeem.   Sale in pais.   Case.*

> Complainant, in a bill to remove clouds and cancel incumbrances, was decreed the right to redeem a half-interest in the land as against the lien of a trust-deed in favor of defendants. A co-heir owned this half-interest jointly with her, subject to the lien of the trust-deed. *Held*, that it is no valid objection that such co-owner was not joined as a complainant, since the decree authorized a sale by the trustee *in pais*, and not by a commissioner of the court.

FROM the chancery court of Lauderdale county.

HON. SYLVANUS EVANS, Chancellor.

In October, 1886, the appellant, Annie E. Chiles, filed a bill in the court below against G. W. Gallagher *et al.*, seeking thereby to establish her title to certain land, and to remove clouds therefrom. Her title was denied in the answer of defendants, and, on final hearing, the bill was dismissed, whereupon she appealed to this court, which affirmed the decree in so far as it dismissed the bill as to certain of the defendants, purchasers from Gallagher, who claimed a half-interest in the land. These parties were decreed to be innocent purchasers, entitled to protection, and, as they had denied complainant's title, which was not established by the proof, it was held that she was not entitled to recover as to this half-interest. As to the other half-interest, which had not been conveyed by Gallagher, it was held that complainant was entitled to recover. Thereupon, the decree of the court below was reversed, and the cause was remanded. For a report of that case, see *Chiles* v. *Gallagher*, 67 Miss., 413.

The bill in this case was filed by appellant, March 29, 1890, against John F. Champenois, B. F. and B. G. Cameron, J. C. and L. A. Lloyd and George M. Hodges, trustee, all of these parties except the Lloyds being defendants in the case of *Chiles* v. *Gallagher.* The bill in this case refers to the proceedings in that case, the opinion of this court being filed as an exhibit therein. It shows that on January 16, 1886, the defendants, G. W. Gallagher and B. F. Cameron, each borrowed $1,500 from Champenois, giving their joint note for $3,000, and, to secure this, they executed a trust-deed on the land in controversy and on another piece of land, which, it is alleged, belonged to B. F. Cameron. The bill alleges that Cameron had no interest in the land in controversy, and that it was put in the trust-deed by Gallagher to secure his half of the loan, the other land being incumbered by Cameron to secure his part of the loan.

On January 25, 1887, B. F. Cameron executed a trust-deed on other property belonging to him, as an additional security for the loan, in consideration of an extension of one year.

On March 30, 1888, pending the litigation in the case of *Chiles* v. *Gallagher,* B. F. Cameron sold and conveyed to J. C. and L. A. Lloyd a half-interest in the land in controversy, purchased by him from C. W. Gallagher. On April 10, 1888, while said litigation was still pending, an arrangement was entered into between Champenois, Cameron, Gallagher and Lloyd whereby Lloyd executed his deed of trust in favor of Champenois on another lot of land in the city of Meridian to secure the said indebtedness, less a payment made thereon by Cameron, and thereupon the said Champenois, without the knowledge or consent of complainant, released and discharged the said Cameron from said $3,000 indebtedness, and canceled the deed of trust of January, 1887, as to him.

After the mandate in the case of *Chiles* v. *Gallagher* was filed in the chancery court, George M. Hodges, substituted trustee in the trust-deed executed by C. W. Gallagher and B. F. Cameron, January 16, 1886, advertised the land in con-

troversy to be sold under said trust-deed on the 31st day of March, 1890, reciting in the advertisement that said sale would be made for the satisfaction of the $3,000 debt and interest secured thereby. Thereupon, on the 29th day of March, complainant filed her bill in this case against the appellees, setting up, substantially, the facts alleged in her bill in the case of *Chiles* v. *Gallagher,* and alleging that she was the real owner of said land. She prayed and obtained an injunction against the sale of the land under said trust-deed. The bill claims that the land in dispute is not, in any event, liable for the Champenois debt, but that if complainant is mistaken, and it is liable at all, it is so liable for the balance that may be due after Champenois has exhausted the security given him by Lloyd, and also that all payments made on the debt should be credited on Gallagher's half of it, and that the land in controversy could only be made liable in any event for the balance. The bill prayed that complainant's title be established and that the claims of defendants be canceled.

Defendants demurred to the bill, setting up, as the principal ground, that the matters sought to be litigated were involved in the former suit of *Chiles* v. *Gallagher,* and had been adjudicated by the decree in that case. The demurrer was overruled and the defendants answered. A part of the defense raised by the answer was *res judicata* under the above facts.

On final hearing the court held the defense of *res judicata* to be good, and decreed that complainant was entitled to redeem the one-half interest in the land not sold by Gallagher, on payment by her of one-half of the said $3,000 debt and interest. The effect of this decree is to vest in Lloyd title to an undivided half-interest in the land claimed by complainant, and to charge the other half-interest with the debt of C. W. Gallagher, to the amount of about $1,870, being one-half of the $3,000 debt and interest.

From this decree the complainant appeals. The opinion contains a further statement of the case.

As the only questions of general interest settled by the decision are as to the defense of *res judicata*, and that as to parties, and as the other matters referred to in the opinion are not of general interest, but only concern the parties to the suit, by direction of the court, the argument of counsel as to the accounting and other matters, is omitted, and no further statement of the facts is made.

*Walker & Hall*, for appellant.

Complainant's title was not adjudicated by the former decree. The rule as to *res judicata* is thus correctly stated: "A point which was actually and directly in issue in the former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, cannot be drawn in question in any future action between the same parties, or their privies, whether the causes of action in the two suits be identical or different." 2 Black on Judgments, § 504 and authorities cited. Our decisions are in harmony with this. See 58 Miss., 266; 65 *Ib.*, 498; *Lorance* v. *Platt*, 67 *Ib.*, 183.

The rule has been stated so as to embrace not only the main questions which were actually litigated, but such as might have been litigated; but the later decisions, cited above, are more reasonable, and should prevail. See Bigelow on Estoppel, p. 34, note 3; 4 Wall., 232; 5 *Ib.*, 580; 71 Tex., 359; 117 Ind., 349.

The mere fact that a matter might have been presented in the former suit, does not make the decision *res judicata*. *La Grande* v. *Pixey*, 3 S. E. Rep. (Va.), 864.

In suits to remove clouds, the decree of the court operates as an estoppel only so far as the title was adjudicated in the first suit. *Wofford* v. *Bailey*, 57 Miss., 239.

Section 833 of our code does not confer the power on chancery courts to try titles. Complainant is not even required to set up the facts constituting his title. It is only necessary to allege that he is the real owner, and that de-

fendant has a claim which casts a cloud on his title. 57 Miss., 239; 61 *Ib.*, 1.

The real title is not in issue. The court cannot pass upon the alleged claim, which is alleged to be a cloud, until complainant has first shown real ownership. If, by reason of failure in proof as to the jurisdictional first step, the court does not pass upon the validity of the claim alleged to be a cloud, the question stands open for consideration in any subsequent suit involving the validity of the adversary title.

*Hamm, Witherspoon & Witherspoon*, for appellees.

1. The decree in the former suit is a bar to this. In the first suit, the complainant alleged that she had a resulting trust in the land, and was the equitable owner thereof. The answer denied that she had either the legal or the equitable title. The decree was based upon the ground that she had no title. This was an adjudication against her. In bills to remove clouds, it is only necessary for the complainant to allege ownership. It is not necessary to deraign title, and a simple denial by the defendant that complainant is owner, raises the issue. Title is an entire thing, and cannot be litigated piecemeal. *Kidd* v. *Manley*, 28 Miss., 156; 33 *Ib.*, 147.

It is well established that all that was decided, and all that might have been decided in the former suit, is concluded by the decision. 30 Miss., 66; 31 *Ib.*, 133; 38 *Ib.*, 626; 48 *Ib.*, 649; 53 *Ib.*, 107; 57 *Ib.*, 35.

The test is not whether the evidence was the same, but whether the cause of action is the same in both suits. 10 Smed. & M., 554; 13 *Ib.*, 130, 584; 49 Miss., 447; 58 *Ib.*, 268; 60 *Ib.*, 80.

The title to land being involved in the former suit, any cause of action embracing the title is barred by the decision in that suit. Wells' Res Judicata, §§ 200, 254; Bigelow on Estoppel, 109; 5 N. H., 263; 57 Miss., 197; *Caston* v. *Perry*, 21 Am. Dec., 482; 53 *Ib.*, 333 and note.

It is immaterial that the form of action is different. 2 W.

Black, 827 ; *Johnson* v. *White,* 13 Smed. & M., 584; 5 How. (Miss.), 673 ; 1 Smed. & M., 144.

It is sufficient if the parties are substantially the same. Story's Eq. Pl., § 791; Mitford's Ch. Pl., § 248.

This court cannot open the case, which has been decided as to Champenois, Cameron and Watkins, and make another order or decree. In addition to the above authorities, see 9 Smed. & M., 138; 12 Smed. & M., 513; 39 Miss., 136; 58 *Ib.,* 875.

2. Complainant is not the only heir of her father, from whom she claims by inheritance. The evidence shows that she has a brother. She is not the real owner of the land. As she files the bill alone, she is, at most, only entitled to redeem as to half of one-half, or a one-fourth interest.

COOPER, J., delivered the opinion of the court.

The decision in the case of *Chiles* v. *Gallagher,* referred to in the pleadings in this cause, was a conclusive adjudication against Mrs. Chiles' title as to the interest in the lands sold by Gallagher to Cameron. Her title was put in issue by the pleadings, and, as to the land owned by Cameron, was decided against her because of defect of proof. It is settled by an unbroken line of decisions in this state that one proceeding in equity to procure a cancellation of a cloud upon his title, must aver in his bill that he is the owner of the property, either by a good legal or equitable title, and, if the issue is taken upon his title, must prove it as laid.

There is nothing peculiar to the proceeding by bill to cancel clouds upon titles, by reason of which a greater or less force should be given to the decisions of the courts on such bills. Whether one proceed in equity to cancel as a cloud the adversary title, or bring an action at law to recover on the legal title, the judgment of the court upon the issues presented must be equally conclusive. In either case, a court of competent jurisdiction applies the law to the facts proved

and involved in the material issue on which the right of the parties rests, and this is adjudication.

It is unnecessary to determine whether there has been a final decree as to the interest in the lands yet held by Gallagher. If complainant, as she might have done, had brought to the attention of the chancellor the facts occurring since the decision by this court of the appeal in the case of *Chiles v. Gallagher*, by supplemental bill in that cause, she could have secured all the relief asked in the present bill, and undoubtedly in such proceeding the decision would have been conclusive. We do not perceive why any different result flows from an independent proceeding between the same parties. But, however that may be, we are satisfied to re-announce the former conclusion as applied to the same facts now developed in this cause.

On the principal points of controversy, those relating to the titles of the respective parties to the lands, the decree of the court is correct, and is affirmed.

But there is manifest error in the account as stated, for which the decree must be reversed. On the 9th of April, 1889, when Lloyd bought from Cameron the interest in the land which he had bought from Gallagher, and substituted his property in exoneration of the lands of Mrs. Cameron, an arrangement was made by all parties, the necessary effect of which was to limit the extent of the charge upon the interest of Gallagher in the lands. By that agreement Cameron assumed the payment of $531.25, and Gallagher personally, and also all the land, was absolutely discharged as to that sum. The debt to Champenois, which remained chargeable on the land, was fixed at the sum of $2,531.25 (principal and interest), and of this sum Lloyd agreed to pay $1,000. This left the remainder, $1,531.35, as the sum then due by Gallagher. While Champenois had the right to go against all the property for all the debt, as between Gallagher and Lloyd, Gallagher's interest in the land was primarily chargeable with $1,531.25, and Lloyd's with $1,000. The anteced-

ent payments made by Cameron (whether from his own funds or from the funds of the firm of Gallagher & Cameron, does not clearly appear), were, by the act of the parties, applied to the equal exoneration of both parties, and the sum then remaining due was apportioned among them, Cameron assuming payment of $531.25, Gallagher of $1,531.25 and Lloyd of $1,000.

It was error, therefore, to charge, as against the lands of Gallagher, to the exoneration of the lands of Lloyd, any part of the antecedent payments made by Cameron. To this extent, the decree of the court below is erroneous as against complainant.

The decree is in another respect erroneous as against Lloyd. He has, since the 9th day of April, 1889, paid certain sums as the annual interest on the whole debt, and by a subsequent arrangement between himself and Gallagher, the latter has secured to him the repayment of one-half of the sums so paid. The chancellor treated this as a discharge of all interest due by Gallagher during the time that the interest was so paid by Lloyd, which was erroneous. If Gallagher and Lloyd had each owed one-half of the debt due to Champenois, the decree in this respect would have been correct. But of the debt, Gallagher owed $1,531.25, and Lloyd only $1,000. By the arrangement between himself and Lloyd, Gallagher has paid only the interest on one-half of the debt ($1,265.62), while the decree credits him with payment of interest on the whole sum he owed—$1,531.25.

We note that the pleadings and evidence disclose that complainant is not the sole heir of her deceased father. But, since no injury would result to Champenois by the failure to make the co-heir a party, if he is permitted to cause sale of the land to be made by his trustee (which the decree permits), we would not, for that reason, reverse the decree. If sale had been directed to be made by a commissioner of the court, this co-heir would have been a necessary party.

*For the errors noted, the decree will be reversed and cause re-*

*manded, to be further proceeded with in accordance with this opin-
ion.*