JULIANA HART *v.* SIMON PICARD.

1. RES ADJUDICATA. *Evidence. Bill to remove cloud. Ejectment.*

    A decree of a chancery court dismissing a bill filed to cancel a deed because of failure by the complainant to show title in himself, is not *res adjudicata* in an action of ejectment for the same land between the same parties, and the record thereof is not admissible in evidence.

2. TAX SALE. *Redemption of land sold to the state. Sheriff's costs. Laws 1878, p. 52, sec. 49.*

    The five per centum required to be paid by laws 1878, p. 52, sec. 49, to the auditor, for the sheriff, in the redemption of land sold to the state for taxes, was intended as compensation for services rendered in and about the redemption; and after the repeal of the act of 1878, by the code of 1880, it was not the duty of the auditor to collect said five per centum.

3. STATE TAX LAND. *Evidence. Laws 1880, p. 80.*

    The book, required by the statute, laws 1880, p. 80, consolidating the lists of lands held by the state, and omitting lands the description of which was void, was only *prima facie* correct as to recitals therein.

FROM the circuit court of Harrison county.

HON. H. S. TERRAL, Judge.

The chancery case referred to in the opinion is reported: *Hart v. Bloomfield*, 66 Miss., 100. Bloomfield sold the land to appellee, Picard, after the decision in that case, and thereupon Picard sued Mrs. Hart in this, an action of ejectment for said land.

*Mc Willie & Thompson* and *W. G. Evans, Jr.*, for appellant.

The decree of the chancery court offered in evidence by plaintiff, dismissing Mrs. Hart's bill against Bloomfield to cancel his tax title, is not *res adjudicata.* It does not, in law, adjudge anything except that the complainant in the equity suit was not entitled to cancel the tax title of her adversary as a cloud. That was a suit to remove clouds from title; this is a suit for the possession of the land—an action of ejectment. If Mrs. Hart was wholly without title when she began her suit in equity, and Bloomfield was then without interest in the land, the decree would have and should have been one dismissing the bill. The decree would not and could not give title. It left the parties just as they were before. *Memphis & Charleston R. R. Co.* v. *Neighbors*, 51 Miss., 412; *Phelps* v. *Harris, Ib.*, 789; *Wofford* v. *Bailey*, 57 *Ib.*, 239.

The auditor's deed, it is respectfully submitted, is void upon its face, because the land was attempted to be sold by that officer for less than the taxes, damages, and costs. The law governing the sale, in so far as fixing fees, etc., for redemption was concerned, was the act of 1878, p. 52, sec. 49. This section gave the sheriff five per centum on the amount of taxes collected, to be paid the sheriff at the time of the redemption. Now, while the purchase from the state was made in 1887, and under the provisions of the code of 1880, § 561, yet, this expressly provides for the payment by the purchaser of "all the costs incident to such sale," referring, of course, to the costs, etc., as provided by law at the date of the sale, and did not change the provisions of previous laws fixing the costs, etc. Of course, a deed made by the auditor attempting to convey lands for a less sum than authorized by statute is void. *Murdock* v. *Chaffe*, 67 Miss., 740. The record book offered in evidence by the defendant below (appellant), made by the auditor, under and by virtue of the act of 1880 (Laws of 1880, p. 88), certainly was worthy and evidential in every legal sense.

*Bowers & Chaffe*, for appellee.

We are at a loss to understand or appreciate the appellant's contention that the decree in the chancery suit is not conclusive as to the validity of appellee's tax title. An examination of the pleadings will disclose that the sole purpose of the bill filed by appellant was to cancel the tax deed, and that the sole defense was the validity of that title. The answer shows that the denial as to complainant's title extended only to her title at the time of the. filing of the bill, and that this denial was based solely on the validity of the auditor's deed to Bloomfield. In addition to this, the court expressly passed on the sufficiency of Bloomfield's tax deed, and expressly adjudged it to be valid, and the case was, on appeal, affirmed. Mrs. Hart moved this court to modify the decree so as to recite that the affirmance was ordered regardless of the validity of the tax title, and without prejudice to her right to assail or defend against it in any action at law that might thereafter be brought by or against her. This motion was overruled. *Hart* v. *Bloomfield*, 66 Miss., 100. But the tax deed to Bloomfield is good, independent of the chancery decree. The list of land sold to the state was properly made, certified and filed, and the deed by the auditor is free from objections. Appellant errs grievously in supposing that it was the auditor's duty to collect five per centum on the amount of sale or redemption money for the sheriff. The forty-ninth section of laws 1878, p. 52, provides a mode of purchasing lands forfeited to the state, and fixes fees only for officers concerned in effecting the purchase, and only for services connected therewith. Section 561 of the code of 1880, under which the sale was made by the auditor to Bloomfield, abolished the duties of the sheriffs and chancery clerks in such cases, and repealed the act of 1878. True, it required the auditor to collect "all the taxes for which said land was sold, and all the costs incidental to such sale," but the costs referred to were the costs incident to the sale to the state.

The record book offered by appellant was properly excluded.

It had no certificate, seal or other indicia to stamp it as official. It had no probative effect.

Woods, C. J., delivered the opinion of the court.

1. This is an action of ejectment brought by the appellee against the appellant for two lots of land in Harrison county. The record of the proceedings and the decree of the chancery court in the case of Juliana Hart, the appellant in this case, against Horace Bloomfield, the vendor of appellee in the present case, together with the judgment of this court affirming said decree, were improperly admitted in evidence. The decree of. the chancery court in that suit, affirmed by the supreme court, was not *res adjudicata.* That suit was by Mrs. Hart to cancel, as a cloud upon her title to the premises, the tax deed held by her adversary. She failed to show title in herself in that suit, and, necessarily, her bill was dismissed. On appeal by her from that decree, there was an affirmance of the decree dismissing her bill on the specific ground of her failure to show any title in herself, and this without considering the validity of Bloomfield's tax title. The validity of that title was not passed upon in that decree of this court, and that is the question now presented in the present action to try title.

2. It is contended by counsel for appellant that the deed of the auditor is void, because, as counsel think, the auditor attempted to convey for less than he was required by law to collect from the purchaser.

The act of 1878, section 49, of chapter 3, laws of 1878, under which five per cent. on the amount of the taxes collected from the purchaser by the auditor was to be secured as compensation to the sheriff, was a very peculiar one. By its terms the intending purchaser of land held by the state under tax sales, employed the services of the sheriff in making his purchase and securing his deed from the auditor, and did not himself apply directly to or deal with the auditor. For his services thus rendered the intending purchaser, the sheriff, under section

49 of that act, was entitled to have, for his services, five per cent. on the amount of the taxes collected by the auditor from the purchaser, and this five per cent. for the sheriff was required to be collected by the auditor from the purchaser at the time of making his deed. It will thus be seen that the five per cent. for the sheriff was compensation, not for making the sale of the land originally to the state for delinquent taxes, but for his services in the purchaser's behalf in the sale from the state to the purchaser. But in 1880 this peculiar and cumbersome method of acquiring title to lands from the state was abolished, and all its machinery fell with it. Thereafter, the purchaser applied directly to the auditor, without any intervention or agency by the sheriff. His services were dispensed with, and his compensation for such services ceased. After the repeal of the act of 1878 it was not the duty of the auditor to collect the five per cent. for the sheriff. He would have violated the law if he had done so. It follows, therefore, that the auditor's deed to Bloomfield was not void.

3. If it be admitted that the book introduced by appellant is the consolidated record required by the statute (Laws of 1880, p. 80), to be made by the auditor of lands then held by the state for taxes, and from which was dropped all lands so indefinitely described as to be void, according to recognized legal rules, still it was only *prima facie* evidence of the correctness of the facts contained in it. That it was not correct is abundantly shown upon its own face, and, as to the land in controversy, by other official documents it was demonstrated that it was worthless.

On the whole record before us, we have no doubt as to the correctness of the judgment appealed from, and the cause is

*Affirmed.*