SCOTTISH-AMERICAN MORTGAGE COMPANY *v.* ALBERT N. BUNCKLEY ET AL.

[41 South. Rep., 502.]

1. ESTOPPEL.   *Failure to assert title.   Silence.*

Where one person executed a mortgage on lands, and thereby secured a loan in the presence and to the knowledge of another, the mortgagee cannot predicate an estoppel to claim the land of the mere silence of that other:

(*a*) If he were ignorant of his rights at the time he failed to speak; or

(*b*) If his title were duly of record; or

(*c*) If the mortagee did not rely upon what he said or did or left undone.

2. TENANTS IN COMMON.   *Adverse possession.   Statute of limitations. Mortgages.  Ouster.*

The execution by one of several tenants in common of a mortgage on lands, purporting to convey the entire estate, possession not being taken under it, does not amount to an ouster, and does not start the statute of limitations against the other cotenants.

88 Miss.—41

3. SAME. *Removing clouds from title. Rents.*

Where one tenant in common conveyed his interest in land to another, without an assignment of rents due at the time, and the grantee thereafter succeeded in a suit to remove clouds from the title, it was error to decrees him rents which were due before the conveyance on the interest acquired from his cotenant.

4. SAME. *Partition. Chancery practice. Cross-bill.*

Defendants who file no cross-bill therefor are not entitled to partition of lands in an equity suit not contemplating partition.

5. RES ADJUDICATA. *Matters not in issue.*

A former suit decreeing the complainant not to be the owner of land by virtue of certain deeds is not *res adjudicata* of a second suit by him, against the same defendants for the same land, based on entirely different grounds wholly independent of said deeds.

FROM the chancery court of Franklin county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Bunckley, the appellee and cross-appellant, was complainant in the court below; the mortgage company and others, appellants and cross-appellees, were defendants there. From a decree in part and largely favorable to complainant, the defendants appealed to the supreme court and complainant prosecuted a cross-appeal.

The case was once before in the supreme court and is reported, *Scottish-American Mortgage Co.* v. *Bunckley,* 81 Miss., 599 (s.c,. 33 South. Rep., 416). A previous litigation over the property and deeds involved in the case is reported, *Bunckley* v. *Jones,* 79 Miss., 1 (s.c., 29 South. Rep., 1000).

The bill by one tenant in common sought to set aside certain conveyances as clouds on the title to the property in controversy, and the other tenants in common were made defendants along with the adverse claimants of the land. It was demurred to, the demurrer overruled, and an appeal taken to the supreme court, which affirmed the action of the lower court in overruling the demurrer, and remanded the cause for answer. The defendants

thereafter answered, and the case went to trial on pleadings and proof. The court below held that the complainant was entitled to a one-fourth interest in the property, one-eighth as heir at law of his father, Nathan Bunckley, and one-eighth as assignee of his brother, W. R. Bunckley, and decreeing possession of the one-fourth interest to him, and canceled as a cloud upon his title the trust deed executed to the defendant, the Scottish-American Mortgage Company, by Nathan Bunckley, the father of complainant, in so far as it affected complainant's title and allowed him the rents and profits, less taxes, on his portion of the property, and taxed all costs against the defendants. The Scottish-American Mortgage Company and its vendees appeal, assigning numerous errors which are set forth in the opinion of the court. The defendants, the heirs of Ransom Bunckley, also appeal, admitting the correctness of the decree of the court in decreeing in favor of the complainant, but contending that their rights, which are identical with those of appellee, were ignored, and that the court below should have granted them relief, although they did not file a cross-bill. The appellee prosecutes a cross-appeal, contending that the court below should have ordered a partition of the property.

*Calvin Perkins,* for appellant and cross-appellee.

*Res Judicata.*—We feel confident that the learned chancellor erred in not sustaining the plea of *res judicata* set up by the mortgage company in its answer as to the undivided one-tenth interest which the complainant took under the deeds of May 10, 1847, and the undivided one-fortieth interest which he took by inheritance from his sister Alice. Those interests were owned by the complainant at the time he filed his bill in the first cause, No. 418, whereby he sought to recover a larger interest than he held, namely: an undivided one-third interest.

The bill in that case, succinctly stated, was a bill to remove cloud from title to an undivided one-third interest in the lands

alleged to be owned by the complainant, and for partition, and for a writ of possession. *Foster* v. *Jones,* 17 South. Rep., 893; Freeman on Cotenancy, secs. 531, 532; 21 Am. & Eng. Ency. Law (2d ed.), 1195; *Christmas* v. *Russell,* 5 Wall., 290–307.

In *Chiles* v. *Champenois,* 69 Miss., 603–610 (s.c., 13 South. Rep., 840), it was decided that a mere bill to remove cloud from title defeated on account of defect of proof, barred a subsequent suit against the same party involving the title to the same land.

That case was overruled by *Hart* v. *Picard,* 75 Miss., 651 (s.c., 23 South. Rep., 450), in an opinion rendered by Chief Justice Woods, without taking any notice of the decision in *Chiles* v. *Champenois* and the numerous previous decisions of this court upon which *Chiles* v. *Champenois* was based. The only reason given in *Hart* v. *Picard* for holding that a decree dismissing a bill filed to remove a cloud was not *res adjudicata,* was that the complainant's bill had been dismissed because she failed to show title in herself. Whether *Chiles* v. *Champenois,* or *Hart* v. *Picard,* be correct, is not material to the point now under discussion—(*a*) because said case No. 418, *Bunckley* v. *Jones,* was not a mere bill to remove cloud from title, filed under sec. 500 of the code of 1892, but was a partition bill in which all questions of title were, by said secs. 3101 and 3112, required to be settled; and (*b*) *Hart* v. *Picard* has been overruled by sec. 502 of the code of 1892, which provides that in suits to remove cloud the chancery court shall have jurisdiction "to decree possession and to displace possession, to decree rents and compensation for improvements and taxes." *Hart* v. *Bloomfield,* 66 Miss., 100 (s.c., 5 South. Rep., 620), the case which was held in *Hart* v. *Picard,* not to be *res adjudicata,* arose under, and was governed by the code of 1880. That code did not contain the provision about possession, quoted above from sec. 502 of the code of 1892.

The complainant in the instant case is concluded by the adjudication in the first case, No. 418, for the further reason that in

that case the present respondents set up in their answer, and proved an equitable estoppel against the said Albert N. Bunckley.

*Statute of Limitations.*—Feeling confident that the complainant is bound by the adjudication against him in the said suit, No. 418, as to the undivided one-tenth interest which he took under the deeds of May 10, 1847, and the undivided one-fortieth interest which he took by inheritance from his sister Alice, we shall only discuss the statute of limitations as applicable to the undivided one-eighth interest which the complainant claims to have purchased from William R. Bunckley.

The undisputed facts proven by neighbors and employes of Nathan Bunckley and by R. S. Butler, his son-in-law, who was a member of his family for eleven years, and by S. H. Bunckley, his son, who was a member of his family and his plantation manager from 1870 to 1890, are, that continuously from prior to 1870 until the 6th day of January, 1893, Nathan Bunckley resided on the land in controversy and claimed openly and notoriously that he was the sole owner thereof, except that in 1873 and 1877, recognized that the children of Ransom P. Bunckley owned an interest in that part of the tract which was allotted to Ransom P. Bunckley by the partition of 1861, and purchased from two of the three children of the said Ransom P. Bunckley their interest, and declined to purchase the interest of Mrs. Scriber, the third child. During the twenty-three years from 1870 to 1893, the land was assessed to Nathan Bunckley, was known to his neighbors and friends as his land, and he made annual crops thereon and took the same as his own property, without paying rent to any person whatever. Freeman on Cotenancy, sec. 223; *Ib.,* sec. 228; *Ib.,* sec. 229; *Ib.,* sec. 230; *Ib.,* sec. 231; *Bentley* v. *Callahan,* 79 Miss., 302 (s.c., 30 South. Rep., 709).

*Theodore McKnight,* for appellee and cross-appellant.

The proof in this cause utterly and absolutely fails to show

adverse possession and·to bring this cause within the rule of law
as to adverse possession laid down by the following authorities:
*Tegarden* v. *Carpenter,* 36 Miss., 404; *Nixon* v. *Porter,* 38
Miss., 401; *Tush-Ho-Yo Tubby* v. *Barr,* 41 Miss., 52; *Metcalf*
v. *McCutcheon,* 60 Miss., 154; *Davis* v. *Bowman,* 55 Miss., 765;
*Green* v. *Mizell,* 54 Miss., 225; *Jones* v. *Brandon,* 59 Miss., 585;
*McGehee* v. *McGehee,* 37 Miss., 138; *McClanahan* v. *Barlow,*
27 Miss., 664; *Hutto* v. *Thornton,* 44 Miss., 166; *Welburn* v.
*Anderson,* 37 Miss., 155; *Rothchilds* v. *Hatch,* 54 Miss., 555;
*Dean* v. *Tucker,* 58 Miss., 487; *Huntington* v. *Allen,* 44 Miss.,
668; *Goff* v. *Cole,* 71 Miss., 46 (s.c., 13 South. Rep., 870);
*Railroad Co.* v. *Buford,* 73 Miss., 494 (s.c., 19 South. Rep.,
584); *Warren County* v. *Mastronardi,* 76 Miss., 273 (s.c., 24
South Rep., 199); *Bentley* v. *Callahan,* 79 Miss., 302 (s.c., 30
South. Rep., 709); *Smith* v. *Cunningham,* 79 Miss., 425 (s.c.,
30 South. Rep., 652); *McCaughn* v. *Young,* 85 Miss., 277 (s.c.,
37 South. Rep., 839); 1 Am. & Eng. Ency. Law (2d ed.), 789,
790, 794, 795, 796, 797, 798, 801, 802, 803, 804, 805,·821, 831,
834, 886, 889, 892, and authorities cited.

I most respectfully submit that the defense of *res adjudicata*
has not been made out in accordance with the following authori-
ties: 24 Am. & Eng. Ency. Law, 784, "b;" same, 789, and note
3, citing *Hubbard* v. *Flynt,* 58 Miss., 266; same, 822, 823, and
note 1, citing *Lorance* v. *Platt,* 67 Miss., 183 (s.c., 6 South.
Rep., 772), and *Hart* v. *Picard,* 75 Miss., 651 (s.c., 23 South.
Rep., 450); same, 277, 278; *Dunlap* v. *Edwards,* 29 Miss., 41;
*Clay County* v. *Chicasaw County,* 76 Miss., 418 (s.c., 24 South.
Rep., 975); *Adams* v. *Railroad,* 77 Miss., 194 (s.c., 24 South.
Rep., 200); *Nutt* v. *Knut,* 84 Miss., 465 (s.c., 36 South. Rep.,
689).

I most respectfully submit that it is really unnecessary to cite
any authorities upon the proposition of *res adjudicala,* except
the case of *Hart* v. *Picard,* 75 Miss., 651 (s.c., 23 South. Rep.,
450), which is a duplicate of the case of *Bunckley* v. *Jones* in

respect to the question of *res adjudicata* now sought to be raised in the instant case on account of the litigation in the case of *Bunckley* v. *Jones.*

I give for the convenience of the court the reference to the following decisions of this honorable court upon the question of estoppel, to wit: *Turnipseed* v. *Hudson,* 50 Miss., 429; *Sulphine* v. *Dunbar,* 55 Miss., 255; *Staton* v. *Bryant,* 55 Miss., 261; *Davis* v. *Bowmar,* 55 Miss., 671; *Stewart* v. *Matheny,* 66 Miss., 21 (s.c., 5 South. Rep., 387); *Murphy* v. *Jackson,* 69 Miss., 403 (s.c., 13 South. Rep., 728); *Hart* v. *Livermore, etc., Co.,* 72 Miss., 809 (s.c., 17 South. Rep., 769); *Thomas* v. *Romano,* 82 Miss., 256 (s.c., 33 South. Rep., 969); *Bolen* v. *Lily,* 85 Miss., 344 (s.c., 37 South. Rep., 811), and I most respectfully submit that the proof offered in this cause totally and utterly fails to establish the defense of estoppel against any of the parties against whom it is asserted by the answer and pleadings of the appellants.

• Argued orally by *Calvin Perkins,* for appellant, and by *Theodore McKnight,* for appellee.

CAMPBELL, Special J., delivered the opinion of the court.*

This case was before this court on demurrer to the bill, and was reported in 81 Miss., 599 (33 South. Rep., 416). The demurrer was held bad, because it was decided that Albert N. Bunckley, the complainant, was entitled to an interest in the land in his own right as a son of Nathan Bunckley and also as grantee of his brother, W. R. Bunckley. The cause was remanded, and the bill was answered by the mortgage company and by some of the other defendants, and was heard on pleadings and evidence, and resulted in a decree for the complainant for the interest in the land sued for and rent for the use of it. The grounds set up for the defeat of the claim of complainants are *res adjudicata,* estoppel by conduct, and the statute of limitations of ten years.

---

*CALHOON, J., having been counsel in the case before his appointment to the bench recused himself and J. A. CAMPBELL, Esq., a member of the Supreme Court bar, was appointed and presided in this case in his place.

The defense of *res adjudicata* consists of a decree in a case in which complainant exhibited a bill of chancery in which he propounded a claim of ownership of an interest in the land embraced in this suit by virtue of two conveyances set forth in his bill, which are altogether different from the claim he makes in this suit. It was held in that case on appeal to this court that he had no right by virtue of the claim made in that suit. The subject-matter of the two suits is different, and the former decree is not a bar to the claim made in this. That case is reported in *Bunckley* v. *Jones,* 79 Miss., 1 (29 South. Rep., 1000), by reference to which the manifest difference between the two cases will be apparent.

The presentation relied on as estopping by conduct is, as to Albert N. Bunckley, that he was at the home of his father, Nathan Bunckley, when the agent of the mortgage company was there to inspect the land for a loan of money on it by the company, and was cognizant of the proposed loan, and was silent as to any claim of his own to the land; that a large body of some 3,000 acres of land was conveyed in 1847 by Ransom Bunckley in remainder, after a life estate to his three sons, of whom Nathan was one; that soon a partition was made between the three grantees and a partition deed executed; that Nathan went into possession of the part allotted to him and soon acquired other interests in the large tract by purchase from co-owners, and from 1873 or before was in possession as sole owner of all the land in controversy, dealing with it as his own, having it assessed as his, paying the taxes, receiving the rents, selling timber—in short, exercising all such acts of individual ownership and control as pertains to complete and undisputed ownership, and that in order to get the loan from the mortgage company Nathan made affidavit that his father had long. owned the land and his title had never been disputed, and that he had acquired it from his father by the conveyances in 1847, and had gone into possession

in the early '70's, and his title had never been questioned, and he had, as he believed, a perfect title in fee simple; that an attorney at law employed by Nathan had made an abstract of the title, and given an opinion that it was perfect in Nathan, whereupon the sum of five thousand dollars was loaned and a deed of trust taken on the land, under which the mortgage company acquired title by a sale in accordance with the deed in 1893. Albert N. Bunckley, the complainant, lived with his father, Nathan, on the land, and cultivated a part of it, and was on the land with his father when it was sold under the deed of trust, and was dispossessed with his father by a proceeding of unlawful detainer, after the sale.

The question is: Is he estopped by his silence? The truth is, he did not know that he had any interest in the land. As stated by counsel for the mortgage company, "it was not considered in the family at that time, nor until after 1893, that the children of Nathan had any interest whatever in the property in controversy." His ignorance of his rights precludes the claim of estoppel by his mere silence. 11 Am. & Eng. Ency. Law, 433, 434*b,* and cases cited; Pomeroy Eq. Jur., sec. 805; *Houston* v. *Witherspoon,* 68 Miss., 190 (8 South. Rep., 515); *Hignite* v. *Hignite,* 65 Miss., 417 (4 South. Rep., 345; 7 Am. St. Rep., 673); 7 Ballard on Real Property, p. 40. Apart from this, it is by no means certain that he knew of the loan being effected, and if he did, he was under no legal obligation to assert his claim, to interfere with the success of his father's application for a loan. His title in fact had not then accrued, so far as he derived from his brother, W. R. Bunckley, and his claim arising from the conveyances of Ransom Bunckley in 1847 was of record and constructively as much known to the mortgage company as to him.

The claim of estoppel as to the interest in the land acquired by complainant by conveyance of W. R. Bunckley is based on the fact that on January 5, 1891, W. R. Bunckley opened a written correspondence with the agent of the mortgage company in

behalf of his father about the deed of trust and its payment, and wrote several letters in which he spoke of the land as his father's, and about paying the debt of his father, and made no claim of his own to any interest in it, and as the mortgage company afterwards sold the land, and purchased it, W. R. Bunckley was estopped to assert any claim to it, and, he being estopped, complainant, his grantee, is. But W. R. Bunckley was ignorant of his right to the land, and did nothing by which the mortgage company was misled to its prejudice. It thought it had a lien on the fee simple and a perfect claim on the land by virtue of its deed of trust, relied on that, and could not have been misled by any act of W. R. Bunckley, on which it did not rely. He was not estopped, and his grantee took his title free from estoppel.

The statute of limitations is not a bar, for the reason that, although they did not know it, as before stated, Nathan Bunckley, who thought he was sole owner, was a co-tenant with the complainant and W. R. Bunckley, and his possession was, in view of the law, that of all the co-owners, and the statute of limitations could not be set in motion until an ouster or its equivalent, and there was none. "A conveyance alone, without possession taken under it, can never amount to an ouster. The same remark is applicable to a mortgage of the whole." Freeman on Cotenancy, sec. 226; Warvelle on Ejectment, sec. 450, et seq.; Wood on Limitations, p. 621. The intimate relationship between the co-tenants here is an important circumstance. Warvelle on Ejectment, sec. 456. In such case much stronger evidence is required to start the running of limitations than among strangers. Wood on Limitations, p. 621.

The complainant is entitled to recover the land, as held by the decree of the chancellor, but is not entitled to rent of the interest acquired in 1898 from W. R. Bunckley prior to that date.

The mortgage company sought to amend its answer, so as to set up the six-year statute as a bar to the claim for rent and to have stricken out of the bill an amendment allowed long before,

and was refused, we think properly, because, while amendments are to be liberally allowed, there is a limit to liberality, and it was reached in this case.

On cross-appeal complainant insists that partition should have been decreed, and part of the defendants insist that partition should have been decreed.    It was not asked by complainant in his bill, nor did the defendants exhibit a cross-bill.    "Ask, and ye shall receive," is still the law to which we are subject, and no complaint against the decree on this ground can be maintained.

The decree will be opened, so far as to correct it by reducing it by the amount of the part of the rent accruing prior to the conveyance by W. R. Bunckley to complainant, and with this change the decree will stand.

The costs of the appeal will be taxed on complainant; the other costs on the defendants below.

OPINION ON FIRST SUGGESTION OF ERROR.

CAMPBELL, Special J., delivered the opinion of the court in response to the suggestion of error made by *Theodore McKnight,* for appellees.

In disposing of this case on a former day, we gave full consideration to the claim of the cross-appellants that the court should declare their rights as to the land and decree partition; and, as they were defendants and had not exhibited a cross-bill, we held they were not entitled to any relief.    We are "strenuously" urged by counsel to reëxamine this question, and have done so, and have examined every citation of counsel, and not found one which, according to our apprehension, calls for a change of our view as heretofore announced.    Our own cases certainly sustain this view.    In *Millsaps* v. *Pfeiffer,* 44 Miss., 805, it is said: "It is the settled doctrine of equity that a defendant cannot pray anything in his answer, except to be dismissed, with his costs. If he has any relief to pray, . . . he must do so by a bill of his own, which is called a cross-bill."    In *Weeks* v. *Thrasher,*

52 Miss., 142, it is said: "It is impossible for us to understand how a decree could be made in this case for the sale by the administrator of the lot.   .   .   .   The answer of the administrator could ask no relief, and the court could grant none."   To the same effect are *Bay* v. *Shrader,* 50 Miss., 326; *Edwards* v. *Hillier,* 70 Miss., 803 (13 South. Rep., 692); *Preston* v. *Banks,* 71 Miss., 601 (14 South. Rep., 258).

It is true that a court of chancery will shape its decrees to effect justice between parties, without regard to their attitude as complainants or defendants, but with due regard to the rules above announced.   There are cases in which relief will be given to the complainant on terms, as illustrated by *Harrison* v. *Harrison,* 56 Miss., 174, and *Ragsdale* v. *Alabama G. S. R. Co.,* 67 Miss., 106 (6 South. Rep., 630), and there are cases where relief may be granted between defendants, as declared in *Arnold* v. *Miller,* 26 Miss., 152; but they are exceptional and stand on peculiar grounds, and in our opinion this case does not come within the exception.   We found one case which may be claimed as a precedent for the action asked of us in this.   In a suit by a vendor of land to reform the bond for title on the ground of mistake and to enjoin an action by the vendee for breach of the condition, the decree reformed the bond and dissolved the injunction, leaving the vendee to his remedy on the bond.

On his appeal the decree was reversed, because the chancellor had not declared the rights of the vendee as to the course he might pursue in dealing with the case, *Reese* v. *Kirk,* 29 Ala., 406. The right and future course of the vendee were not involved in that suit and were not the subject of discussion by counsel, and announcement by the court on that subject was uncalled for. "Sufficient unto the day is the evil thereof" is a good maxim for courts as for individuals.   We are not willing to follow such a precedent.   Whatever may be true as to the right of a court to pursue such a course, its refusal to do so is not ground for

reversal of a decree which gives all proper relief as properly asked and stops at that.

We adhere to our former announcement on this subject.

### OPINION ON THE SECOND SUGGESTION OF ERROR.

CAMPBELL, Special J., delivered the opinion of the court in response to the suggestion of error filed on behalf of the Scottish-American Mortgage Company and its vendees, by *Calvin Perkins, Carruthers Ewing,* and *Green & Green,* counsel.

The complaint is that the court erred in not sustaining the defense of *res judicata,* and as to the statute of limitations of ten years as to the land and of six years as to rents.    The doctrine of *res judicata* is probably as well settled and understood as any in the whole range of jurisprudence.    Its application is illustrated by many cases in our own reports and by vast multitudes elsewhere, so numerous as to discourage any effort to cite them. The learning is familiar to every lawyer.    *"Nemo bis vexari debet pro una et eadem causa"* is the maxim on which it rests. *"Una et eadem causa"* is the test by which to determine the question of *res judicata.*    The parties may be the same, and the property about which the controversy is may be the same, in the two suits; but what is involved in the second may be entirely different from that involved in the former, and, if so, *res judicata* does not apply.    The distinction is clearly made in *Barataria Canning Co.* v. *Ott, post* (s.c., 41 South. Rep., 378), and may be found in many other cases, while *Thornton* v. *Natchez* (decided at the same time), *ante,* 1 (s.c., 41 South. Rep., 498), presents a case where the vital matter involved had been decided in a former suit, and it was rightly held to be *res judicata.*  Judgment on the same cause of action is always conclusive between parties and privies, but it must be the same cause—*"una et eadem causa."*    It is probable that there is really no difference of opinion between the court and the learned counsel in this case as to the law applicable, but that the difference is as to the case, and we address ourselves to that.

The former suit, the decree in which is invoked as *res judicata*, was brought by the complainant to cancel clouds and obtain partition of an interest he claimed in the land now in suit by virtue of two deeds, one made in 1873 and one in 1890. In deraigning his title he set forth and made exhibits of the deeds of 1847, not claiming any right in himself by virtue of those deeds, but presenting them as the source of the title of the grantors in the two deeds to him, by virtue of which alone he made any claim. These two deeds were held to be ineffectual to vest any title in him, and this court held that there was nothing else in the case calling for decision, and refused to consider anything else. *Bunckley* v. *Jones,* 79 Miss., 1 (29 South. Rep., 1000). Undoubtedly the matter decided was put at rest forever, and it was that complainant has no valid claim to the land by virtue of the two deeds of which he propounded his claim. The present suit is for an interest in the same land based on entirely different grounds wholly independent of the two deeds in the former suit. All that was put in issue in the former suit was the claim of complainant to an interest in the land by virtue of two deeds, made, respectively, in 1875 and 1890. Nothing else was litigated or decided, and, therefore, nothing else was settled by that suit. It was needless for counsel to cite decisions holding that a decree for partition is conclusive as to the interest of parties. That is too plain for dispute. There was no decree for partition in the former suit. What would have been the effect of such a decree we are not called on to decide. Had one been made, it is reasonably certain that the present case would never have arisen to vex counsel and court. Perhaps a decree for partition in the former suit would have precluded all further claim by complainant, not on the doctrine of *res judicata,* but on a totally different one, the doctrine of election; but as to that we do not decide. One of the rules as to *res judicata* is that it must not be open to argument or inference whether the same cause was decided. It must not be doubtful or uncertain. There must be certainty that the

very matter in dispute has been the subject of judicial determination. Here we have indisputable evidence in the opinion of this court as to what was involved in the former suit.

On the statute of limitations of ten years, the argument of Messrs. Perkins & Ewing proceeds on a misapprehension of our opinion on that subject. It was not necessary to argue or quote books to convince us that ignorance of one's rights does not prevent the running of the statute of limitations. We have not held or intimated that it did.

We do not perceive any merit in the "new" suggestion of counsel, consisting of a quotation from the bill in the former suit spoken of. That is an averment that certain parties, including complainant, were tenants in common of the land. We held that they were such, and therefore the statute of limitations did not run as between them upon the facts of the case. We think it still necessary to set up the bar of the statute of limitations, unaffected by the statute, which makes the completion of the bar an extinguishment of the debt as well as the remedy.

In conclusion, we disclaim any purpose to overrule or modify any former decision of this court on any of the questions involved; but we adhere to our former views in this case.

