WILLIAMS *v.* PATTERSON.

(In Banc. March 22, 1948. Suggestion of Error Overruled May 10, 1948.)

[34 So. (2d) 366. No. 36722.]

**E. B. Taylor,** of Greenville, for appellant.

Ernest Kellner, of Greenville, for appellee.

868

**Alexander, J.,** delivered the opinion of the court.

Appellant brought suit in ejectment demanding possession under a deed from Barham dated October 29, 1931. The declaration alleged that the "right of possession of the same accrued on the 2nd day of April 1942."

Plea of res judicata was interposed setting up the judgment in Williams v. Patterson, 198 Miss. 120, 21 So. (2d) 477. The parties and part of the land were involved in the former adjudication. Replication to the plea asserts that the plaintiff "is suing upon an entirely different source of title," to-wit, the deed from Barham.

The former case was decided upon general demurrer which was sustained for failure of complainant to show title in himself. It was therefore a decision upon the merits as to complainant's want of title.

We proceed therefore to examine whether the former judgment is res judicata. In the prior action, complainant

attacked the title of Barham as a cloud upon his title. The deed from Barham was of record when the confirmation suit was instituted. Appellant here grounds his right of possession not upon a title subsequently acquired, nor upon a lesser right than ownership, but upon a fee simple title existing prior to the filing of the bill to confirm title. Appellant may not be allowed to try his case piecemeal, or to set up grounds available upon the former hearing. As stated in Manly v. Kidd, 33 Miss. 141, 148: "And it is against the policy of the law and not to be tolerated, that parties should first make an experiment in litigation to assert their rights upon one ground, and failing in that, resort to another form and upon another ground, to assert the same right, and accomplish the same substantial end." See also Cocks v. Simmons, 57 Miss. 183, 197; Hannum v. Cameron, 20 Miss. 509, 513.

It was said in Chiles v. Champenois, 69 Miss. 603, 13 So. 840, 841: "There is nothing peculiar to the proceeding by bill to cancel clouds upon titles, by reason of which a greater or less force should be given to the decisions of the courts on such bills. Whether one proceed in equity to cancel as a cloud the adversary title, or bring an action at law to recover on the legal title, the judgment of the court upon the issues presented must be equally conclusive. In either case, a court of competent jurisdiction applies the law to the facts proved and involved in the material issue on which the right of the parties rests, and this is adjudication." See also Merrill v. Stowe (Me.), 3 A. 649; Van Fleet, Former Adjudication, p. 808, citing Chiles v. Champenois, supra. These principles find frequent support in our decisions down to the present day.

We take notice of Scottish-American Mortgage Company v. Bunckley, 88 Miss. 641, 41 So. 502, 117 Am. St. Rep. 763, cited by appellant. Failure carefully to appraise the decision in the light of the particular facts could be disturbing. It was held that failure to establish title upon two certain deeds would not be res judicata in a second suit founded upon a third. The key to the decision, which

otherwise would run counter to subsequent holdings, is in the concluding paragraph of the former adjudication. Bunckley v. Jones, 79 Miss. 1, 9, 29 So. 1000, 1003. It is there stated: "Since the two deeds under which appellant claims title are shown to be insufficient to sustain his case, we are indisposed to discuss the other questions raised by a construction of the deeds of May 10, 1847, as it is unnecessary to a correct determination of this appeal."

The principle is firmly established that where an issue is positively excluded from the former decision, the fact that it was by the pleadings actually included or necessarily inherent does not incorporate it into the adjudication. 50 C. J. S., Judgments, Sec. 659; 30 Am. Jur., Judgments, Secs. 181, 182.

The inapplicability of Lion Oil Refining Co. v. Crystal Oil Company, 171 Miss. 36, 156 So. 593, cited by appellant, is seen in the fact that right of possession was decreed in cross-complainant and the bill dismissed. Damages for use and occupation were not involved in the cross bill. Judgment later for the damage was consistent with the adjudication of possession. In the instant case, the right of possession has been adjudicated adversely to appellant.

Nor is Hart v. Picard, 75 Miss. 651, 23 So. 450, at variance with the views herein expressed. The former suit was filed by Mrs. Hart to cancel as a cloud upon her title a certain tax deed. Failing to show requisite title in herself, the bill was dismissed. Examination of the validity of the tax deed was never reached. A second suit by the owner of the tax title brought in issue the validity thereof for the first time. The merits of complainant's title alone were adjudicated, in the prior action.

Code 1942, Section 1326, provides that in suits to try title the court shall have jurisdiction to "decree possession and to displace possession, to decree rents and compensation, etc. . . . although the legal remedy may not have been exhausted or the legal title established by a

suit at law." In the former suit, appellant prayed for adjudication of title with damages. He stated that he "has the right of possession" thereto, and that his right accrued in 1942. Each of said allegations, save the confirmation of title, are set out in the ejectment suit. The right of possession is based solely upon an asserted legal title existing at the time the former case was heard. All relief here ought is based upon a claim of legal title.

We are of the opinion that the trial court was correct in sustaining the plea of res judicata.

Affirmed.