PATTERSON, Justice:
This is an appeal from a decree of the Chancery Court of Chickasaw County which dismissed the appellant’s bill of complaint seeking to restrain the appellees by injunction from using certain lands lying in Lee County.
The bill of complaint alleges that the appellant is the owner of a parcel of land in the Southwest Quarter of Section 36, Township 11, Range 5 East, in Lee County, Mississippi. It further alleges that the identical land was heretofore the subject of litigation between the same parties in 1947. The appellees then sought to have title to the East Half of the West Half of the Northwest Quarter of Section 1, Township 12, Range 5 East, and the East Half of the Northwest Quarter of Section 1, Township 12, Range 5 East, of Chickasaw County, established in them and to cancel as a cloud upon their title the claim of the appellant to a 40-foot strip of land immediately south of a new gravelled road. The 1947 bill of complaint alleged that the new road was the line separating the property of the parties as well as being the boundary between Lee and Chickasaw Counties.
The defendant in the former suit, appellant here, denied that the “new county line road” constructed about 1928 or 1929 was ever recognized as the county line, or the northern boundary of the appellees’ property or the southern boundary of his property. The issues presented by the bill of complaint and answer were whether the 1928 “new county line road” was the northern boundary of Chickasaw County in the area and whether title to the lands immediately south thereof was vested in the complainants. On these issues the chancellor found that the complainants had failed to prove by a preponderance of the evidence the material allegations of the bill and it was dismissed with prejudice.
The complainant in this suit now seeks to enjoin the appellees from their use of the property south of the “new county line road” and north of an old road, called the “old county line road,” which is depicted upon a map attached to the answer in the former suit to be the county line. The complainant alleges the old road is the true county line and prays that he be declared the owner of the land between these two roads.
The defendants in their answer admit that they have cultivated the lands involved, but assert that the same are situated in Chickasaw County and they deny specifically the accuracy of the map attached to the answer in the former suit depicting the old county line road to be the north line of Chickasaw County or the south line of Lee County.
*903 The complainant alleges the lands in controversy lie in Lee County. The defendants aver that the lands lie solely in Chickasaw County. The issue is the location of the line between these counties in this area as it is the southern boundary of the appellant’s property.
The appellant contends that the lower court erred in dismissing his bill of complaint, arguing that the 1947 decree is res judicata of the issue. He contends the decree of dismissal had the effect of establishing the old county line road as the true line between the litigants as well as conclusively demonstrating it to be the county line. While it is generally true that a final decree dismissing a bill to remove clouds, though resulting from insufficient evidence, is res judicata of the title between the same parties, Chiles v. Champenois, 69 Miss. 603, 13 So. 840 (1891), we do not perceive the material allegations of the former suit to establish the “new county line road” as the county line and to decree title in the appellees to the lands south of it, upon a dismissal with prejudice, to have the effect of adjudicating the old county line road to be the proper line dividing the counties.
In Scottish-American Mortgage Company v. Bunckley, 88 Miss. 641, 654, 41 So. 502, 505 (1906), on suggestion of error we stated:
All that was put in issue in the former suit was the claim of complainant to an interest in the land by virtue of two deeds, made, respectively, in 1875 and 1890. Nothing else was litigated or decided, and therefore nothing else was settled by that suit. .
Similarly, the former suit sought to establish the new road as the county line and to establish the appellees’ title as extending thereto. By their proof they failed to establish these claims. Nothing else was litigated and therefore nothing else was settled by that suit. The map attached to the answer was not adopted by the court to be an accurate portrayal of the line. In fact it was not mentioned in the decree. See also Williams v. Patterson, 203 Miss. 865, 34 So.2d 366 (1948). We conclude the appellant’s plea of res judicata is without merit.
The appellant also contends that by his proof he established the southern boundary of his property as being the old county line road. Several surveyors testified and their maps were introduced into evidence. The evidence failed to show that any of the lines attempted to be established began or ended at an established government corner called for by the field notes. Neither did it indicate with reasonable clarity by general reputation or extrinsic evidence the boundary line. The lower court being dissatisfied with the evidence appertaining to the accuracy of the surveys remanded the cause, with directions, for a survey to be made which would conform to the section corners established by government field notes.
Upon rehearing, evidence was introduced by two surveyors who had attempted to locate the section line. It is replete with their inability to establish the line between the counties to any section corner designated by the official field notes. In this situation the chancellor found that the appellant had not met the burden of proof as the complainant in establishing the old county line road as being an accurate line separating the properties. He therefore declined to issue the injunction and dismissed the cause without prejudice. We find no error in this action since it has been long settled that a recognized government corner called for by the field notes should be used to establish a section line where possible. See Buckwalter Lumber Company v. Wright, 159 Miss. 470, 476, 132 So. 443, 445 (1931), wherein we stated:
[Wjhen a surveyor is called upon to establish a land line between coterminous owners, the surveyor should begin at an established government corner called for by the field notes and find the evidences or some of them sufficient to show that *904 it was a correct corner, and he should then re-establish the line and should find that at the other end of the line is a recognized government corner, or one re-established by another surveyor, or one that is so well established and recognized by all persons in the community that there can be no doubt of its correctness.

In the event that a section corner cannot be identified by the field notes with reasonable accuracy, then the line can be established by general reputation in the community and by extrinsic evidence. Burrow v. Brown, 190 So.2d 855 (Miss.1966); Nixon v. Porter, 34 Miss. 697 (1858).
We conclude the decree of the lower court should be affirmed and regret our inability to determine from the record before us the line between the litigants’ properties as it seems they are shouldering an expensive responsibility that could very well rest upon the respective counties.
Affirmed.
RODGERS, P. J., and JONES, SMITH and ROBERTON, JJ., concur.