The TRAVELERS INSURANCE COMPANY, Appellant,

v.

Garfield HURST, Appellee.

No. 21740.

United States Court of Appeals
Fifth Circuit.

April 1, 1965.

Ernest A. Carrere, Jr., John R. Peters, Jr., New Orleans, La., for the Travelers Ins. Co., defendant-appellant, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., of counsel.

Frank D'Amico, New Orleans, La., for appellee.

Before WOODBURY,* JONES and GEWIN, Circuit Judges.

PER CURIAM:

■ In this diversity action instituted under the Louisiana Direct Action Statute, the plaintiff-appellee recovered damages for the death of his son, who received fatal injuries when the car in which he was riding collided with a tractor-trailer owned by Cudahy Packing Co., Inc., Appellant (Cudahy's insurance carrier) contends that there was insufficient evidence that Cudahy's negligence was a proximate cause of the collision to submit the case to the jury under Louisiana law. It asserts that the accident was caused solely by the negligence of the driver of the car in which the decedent was riding. We conclude that the evidence on the question of proximate cause was sufficient to warrant jury consideration.

■ In addition, the appellant complains of the failure of the trial court to

* Senior Judge of the First Circuit, sitting by designation.

instruct the jury to discount to its present value any lump sum awarded for loss of future support. We note that no instruction was requested on this point and that no objection was made upon failure to give such an instruction. On oral argument, counsel for the appellant stated, in effect, that he made a tactical decision not to object after the jury had been retired because of his fear of overemphasizing the quantum of damages. In the circumstances of this case and in light of the nature and amount of the damages which were awarded, we do not feel that the absence of such a charge constitutes plain error.

The judgment is affirmed.