ETHRIDGE, Chief Justice:
Richard Brown, appellee, brought this action in the Circuit Court of Monroe County against Burrow and Hadaway, appellants, seeking damages for defendants’ trespass upon plaintiff’s property and the cutting and destruction of trees on it. We affirm the jury verdict of $400 damages in favor of plaintiff.
Brown owned a 40-acre tract of land on the west side of Burrow’s 40 acres. Burrow employed Hadaway to do some timber-stand improvement work on his property. In the process of performing this job, Had-away trespassed upon 14.1 acres of Brown’s land, the plaintiff asserted, and cut and deadened 239 trees.
The issue is the location of the dividing line between the Brown and Burrow properties. To establish it, Brown offered several witnesses who testified that the southeast corner of his 40-acre tract was marked by a well-established line, represented by an iron stake at that point and by old hack marks on trees along the line running to the north; that the line was surveyed in 1909 by a surveyor named Tin-dall, who established it by use of the original government field notes and who drove the iron stake which presently marked the southeast corner of Brown’s land. Defendants’ evidence was to the effect that they saw no such iron stake on that corner, and they knew nothing of any point established by reputation at that location. The evidence on this question was conflicting, and thus for the jury.
Hence the question of law is whether a boundary line can be established by general reputation in the community and by extrinsic evidence. Most of the states follow the rule that evidence of common *857 repute is admissible as to the location of a private as well as a public boundary line. Ancient boundaries, corners, and boundary monuments, such as stakes and trees, frequently cannot be established otherwise than by reputation, so this species of evidence is admissible of necessity. Nixon v. Porter, 34 Miss. 697 (1858); 12 Am. Jur.2d Boundaries § 106 (1964).
In the instant case, plaintiffs evidence, accepted by the jury, was that the southeast corner of his land was marked by an existing iron stake with rocks piled around it, and by hack marks. Defendants’ evidence denied the existence of these markers, but the jury accepted plaintiff’s version. Further, Nixon v. Porter, recognizing the admissibility of such evidence, of common reputation, has been followed in subsequent cases, either expressly or by implication. Johnstone v. Nause, 233 Miss. 584, 596, 102 So.2d 889, 894 (1958), further held that where the monuments of a survey have disappeared, evidence of common reputation as to the location of the boundaries and corners is admissible. See Annot., 58 A.L.R.2d 615, 620-621 (1958).
The burden of proof as to a boundary is upon the party having the affirmative of that issue by a preponderance of the evidence. Johnstone v. Nause, supra, at 596, 102 So.2d at 894. The evidence here was ample to establish location of the dividing line, by general reputation and the existence of the corner in question. In fact, there was no substantial testimony controverting this evidence for plaintiff.
A surveyor testified that at Brown’s direction he began his survey at the corner indicated by him. Appellants contend that it was error to admit this testimony, since if he is establishing a boundary, a surveyor must have begun at an established government corner called for by the field notes. J. R. Buckwalter Lumber Co. v. Wright, 159 Miss. 470, 132 So. 443 (1931). However, in the instant case the surveyor’s testimony was not offered to show the correctness of the southeast corner of plain-tiff’s land, but assuming that fact, to reflect the boundary line and the area where the trespass occurred. Plaintiff offered other evidence to establish by common repute the accuracy of the location of this corner. Buckzmlter requires only that when a surveyor is called upon to fix a land line, he should begin at an established government corner. However, that opinion recognized that a dividing line may be established by common repute. 159 Miss, at 476, 132 So. at 445. Lastly, the evidence is in conflict as to the number of trees destroyed on plaintiff’s land and their value.
Affirmed.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.