274 So.2d 146 (1973)
Emmett R. ATWOOD, Jr.
v.
Elizabeth K. LEVER.
No. 46909.
Supreme Court of Mississippi.
February 26, 1973.
*147 Satterfield, Shell, Williams & Buford, Cary E. Bufkin, Michael S. Allred, Jackson, Prewitt & Braddock, Vicksburg, for appellant.
Ramsey, Bodron & Thames, Dabney & Dabney, Vicksburg, for appellee.
INZER, Justice.
This is an appeal by Emmett R. Atwood, Jr. from a judgment of the Circuit Court of Warren County awarding appellee Elizabeth K. Lever $20,000 as damages for personal injuries resulting from an automobile collision.
The evidence on behalf of the appellee, which the jury accepted, established that she was injured when her 1966 Plymouth automobile was struck from the rear by an automobile driven by the appellant. According to appellee, her car was struck when she stopped her vehicle after giving a proper signal to make a left turn. As a result thereof, she suffered a whiplash-type injury, straining the great muscles and ligaments of her neck. It was the opinion of her doctor that she will have to live with a neck that is painful and will not permit full bending. It was his opinion that the injury was permanent and would probably cause her to retire early from her position with the government.
Appellant's version of the accident was that appellee abruptly stopped her vehicle in front of him, did not give any signal until she made the stop, and as a result of the abrupt stop, he was unable to stop his vehicle before it struck the rear of appellee's vehicle.
Appellant assigns as error several reasons for the reversal of this case. We will only discuss the ones which we deem merit discussion.
Appellant assigns as error the refusal of the trial court to sustain his motion for a mistrial growing out of the conduct of one of the jurors and appellee. It appears from the record that after the jury was selected to try the case, the court recessed for lunch. The jurors were allowed to go their separate ways after being instructed by the court. The court instructed them, among other things, that they were not to discuss the case with anyone including the witnesses and litigants, and that they were to remain aloof from anyone who might have an interest in the case. When the court reconvened at 1:30 P.M., a hearing was conducted in chambers at the request of appellant relative to the alleged misconduct. Appellant testified as follows:
Jim Cain and I were standing down on the first floor and saw a juror and the plaintiff standing  I don't know how the conversation was. She just smiled and walked off. They were definitely exchanging words.
Appellee testified that one of the jurors, whose name she did not know, walked up to her, looked at her and said, "You are getting better looking all the time." To which she replied, "Thank you," and turned and walked away.
The foregoing was all the testimony offered on the motion, and the trial court in overruling the motion stated, "On the basis of what's before the court it would have no other alternative." It is apparent from the evidence that this was a casual complimentary remark made to the appellee by one of the jurors. Appellee made no attempt to engage in a conversation with the juror but merely said, "Thank you," and walked away. Nothing was said concerning the issues involved in the case. Under these circumstances, the trial court did not abuse its discretion in refusing to grant a mistrial. A mistrial or a new trial should not be granted on this ground in a civil case, unless the circumstances indicate some prejudice, wrongful intent, or unfairness. 58 Am.Jur.2d, New Trial, § 104 at 306.
Appellant also assigns as error the giving of several instructions granted at the request of plaintiff-appellee. This case *148 was tried before the effective date of Rule 42, Mississippi Supreme Court Rules (1971), requiring specific objections to instructions. Some of the instructions complained of deal with the question of liability and some deal with the question of damages. Insofar as the instructions on the issue of liability are concerned, we find that when the instructions granted at the request of the plaintiff-appellee and the defendant-appellant are read together, they correctly stated the law relative to the issue of liability. It is noted that the court instructed the jury at the request of appellant-defendant that it should consider all the instructions together in making up its verdict. The presumption is that the jury followed the instructions of the court.
We are of the opinion that this case should be affirmed as to liability, but the really serious issues raised on appeal deal with the question of damages. Appellant contends that the erroneous instructions on this issue resulted in a manifestly excessive award of damages, that the verdict was contrary to the overwhelming weight of the evidence, and that it evinces bias, passion and prejudice on the part of the jury. After a careful consideration of these contentions, we are of the opinion that the award of damages is large, and it probably resulted from the erroneous instructions on this issue. We refrain from detailing the evidence on this issue since we find that the case must be reversed for a new trial on the question of damages. The court granted at the request of the plaintiff-appellee, the following unnumbered instructions dealing with damages and appearing at pages 225-226 of the record.
(a) The court instructs the jury for the plaintiff, that in the event you render an award in favor of the plaintiff, in fixing the amount of her damages you will award her a sum which will compensate her reasonably for (1) any pain, suffering, and mental anguish already suffered by her as a result of the injury in question; and (2) for such pain, suffering and mental anguish she is reasonably certain to suffer in the future as a result of the injury in question, as well as her loss, if any, of vitality and capacity to enjoy the normal physical activities of life, which you find resulted from the accident.
(b) The court instructs the jury for the plaintiff that if you find for the plaintiff, you may take into consideration in arriving at the amount of your verdict all of the loss, by the preponderance of the evidence, you believe the plaintiff to have sustained, as a result of the negligence of the defendant. In arriving at the amount of this loss, you may take into consideration all of the plaintiff's past loss of wages, all future loss of wages, if any, the plaintiff's age at the time of the injury, the amount of her earning capacity at the present time, the prospects of increased amount of wages, the decreased purchasing power of the dollar, the increased cost of living, and the prospect of any disability of the plaintiff in the future as a result of her injury.
You may further take into consideration all expenses that the plaintiff proves that she has incurred for medical attendance, hospital and doctors' bills in the past and which she may reasonably be expected to incur in the future.
(c) You may further take into consideration as an element of damages the amount of physical pain and suffering and mental anguish which the plaintiff has proved she suffered in the past, and for physical pain and suffering which the proof shows she may be reasonably expected to suffer in the future. (Emphasis added).
In West Brothers of Pascagoula, Miss., Inc. v. Dickens, 254 Miss. 868, 183 So.2d 480 (1966), we said:
One of the instructions which we feel was not based on the facts or the law *149 and which confused and misled the jury was the following:
The Court instructs the Jury that if you find for the Plaintiff you may consider in arriving at the amount of the monetary sum to be awarded, the decreasing and decreased purchasing power of the dollar, and to add additional sums to the verdict in order to compensate the Plaintiff for her damages, if any, for this decreasing purchasing power of the dollar.
This instruction is calculated to deliberately encourage the jury to increase or pad the damages because of matters aliunde the record. We feel that the granting of this instruction alone is a fatal error and would justify the reversing and remanding of this case; but there are other fatal errors in at least two other instructions which were granted the plaintiff. (254 Miss. at 874, 183 So.2d at 481, 482).
The instructions before us not only authorize the jury to take into consideration the decreased purchasing power of the dollar, but also to consider the increased costs of living. It was likewise calculated to encourage the jury to increase the damages based on matters aliunde of the record. The foregoing instructions are duplicitous and unduly emphasize the elements of recovery. The first instruction authorized the jury to consider the appellee's loss, if any, of vitality and capacity to engage in the normal physical activities of life. If we assume that these are the proper elements of damages, there was no proof in the record from which the jury could find that appellee suffered such loss.
Appellee urges that although errors may appear in the instructions, the jury reached a proper verdict on conflicting evidence, the error was harmless, and Rule 11, Mississippi Supreme Court Rules (1967), should apply. After a careful consideration of the evidence relative to the injuries suffered by appellee, the damages that resulted therefrom, and the amount of the verdict, we do not think that Rule 11 is applicable. We are of the opinion that the errors in granting instructions on damages were prejudicial and constituted reversible error.
We have considered the other errors assigned and consider them to be without merit.
For the reasons stated, this case is affirmed as to liability and reversed and remanded for another trial on the question of damages.
Affirmed in part, reversed in part and remanded for a new trial on the question of damages.
RODGERS, P.J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.