**Travis Lloyd BALL, Plaintiff-Appellee,**

v.

**DELTA MARINE DRILLING COM-PANY et al., Defendants-Appellants.**

No. 72–2655.

United States Court of Appeals, Fifth Circuit.

April 11, 1973.

Lawrence J. Ernst, New Orleans, La., for Delta Marine and Fidelity & Cas. Co.

Patrick E. Jones, Metairie, La., for plaintiff-appellee.

Before TUTTLE, THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

We have carefully considered the grounds for appeal and with a single exception find them to be without merit. We conclude that the verdict and judgment as to liability for Ball's injury must be sustained.

The one error which we find occurred relates to the refusal of the trial court to instruct the jury that any award made for future loss of earnings should be discounted to present values where the defendant specifically requested such a change.

Travelers Insurance Company v. Garfield Hurst, 343 F.2d 160 (5th Cir., 1965) clearly implies that such a charge, if requested, should be given. The court there stated:

> "We note that no instruction was requested on this point and that no objection was made upon failure to give such an instruction. On oral argument, counsel for the appellant stated, in effect, that he made a tactical decision not to object after the jury had been retired because of his fear of overemphasizing the quantum of damages. In the circumstances of this case and in light of the damages which were awarded, we do not feel that the absence of such a charge constitutes plain error." 343 F.2d at 161.

See also United States v. Varner, 400 F.2d 369, 373 (5th Cir., 1968).

Here the request was duly made, and on failure of the court to give it, the court stated: "Mr. Reporter, put in the record . . . give the defendant an exception to all written charges . . .

requested by the defendant which were refused." This obviated the necessity for counsel to renew his objection at the close of the charge.

 We conclude that the error was substantial and prejudicial to the defendant and conclude that therefore the verdict for damages cannot stand.

The case is remanded to the trial court for the purpose of submitting only the question of damages to the jury under proper instructions.

The judgment is vacated and remanded to the trial court for further proceedings not inconsistent with this opinion.

Vacated and remanded.