Zella PETERS, Plaintiff-Appellee,

v.

**T.G. & Y. STORES COMPANY, Defendant-Appellant.**

No. 82–4185.

United States Court of Appeals, Fifth Circuit.

June 17, 1983.

Rehearing Denied Aug. 1, 1983.

---

Franke, Rainey & Salloum, William M. Rainey, Gulfport, Miss., for defendant-appellant.

Paul S. Minor, Paul T. Benton, Biloxi, Miss., for plaintiff-appellee.

Before WISDOM, TATE and GARWOOD, Circuit Judges.

PER CURIAM:

On April 13, 1979, the plaintiff, Peters, was shopping for fabric with a friend at a T.G. & Y. store in Pensacola, Florida. While waiting for service, Peters was wounded by a pair of scissors that a saleswoman had dislodged from the cutting table. The injury did not seem to be serious at first. Eventually, however, Peters experienced pain and swelling in her foot and calf. An examining physician diagnosed her condition as thrombophlebitis.

On May 20, 1980, Peters filed a complaint against T.G. & Y. based on the saleswoman's negligence. The case came to trial before a jury. On March 17, 1982, the jury

rendered a verdict for the plaintiff awarding her $50,000. T.G. & Y. timely filed this appeal from the jury's verdict.

■ On appeal, T.G. & Y. contends that Miss.Code Ann. § 13–1–21 (1972) violates its right to due process. Section 13–1–21 creates a physician/patient privilege. T.G. & Y. argues that this privilege denies it due process of law "by preventing the defendant from determining the existence or extent of injury until the trial of the case". In particular, T.G. & Y. asserts that § 13–1–21 prevented it from deposing an emergency room technician who treated Peters, the physician who was responsible for her continuing care, and another treating physician. Without discovery of these witnesses, T.G. & Y. maintains that it was deprived of an adequate opportunity to prepare its defense.

We need not consider the appellant's due process arguments. The record reveals that T.G. & Y. has failed to lay the proper foundation for any challenges to § 13–1–21 on due process grounds. At no time did T.G. & Y. submit interrogatories to the three witnesses or request the opportunity to depose them. The plaintiff never asserted the physician/patient privilege with respect to any of the three medical witnesses. The plaintiff clearly waived the privilege with respect to the third witness, Dr. Schmidt, and presented him as a witness at trial. T.G. & Y. did not present its due process contentions to the trial court. During discovery, T.G. & Y. was entitled to, and in fact did, have its own medical expert examine Peters. That expert testified for T.G. & Y. at trial. In light of these facts, the defendant cannot now complain that it was deprived of due process.

T.G. & Y. also complains of the district court's giving Instruction No. 9 to the jury on medical expenses as submitted by the plaintiff, and of the district court's failure to give Instruction No. 15 submitted by it, which instructed the jury to reduce any award for loss of future earnings to its present cash value.

■ As to the former, T.G. & Y. makes a persuasive case that the court improperly gave Instruction No. 9—allowing the jury to award Peters the reasonable value of any medical expenses already incurred or to be incurred—since there was no evidence in the record indicating the actual or expected amount of Peter's past and future medical bills. *See Lyle v. Bentley,* 5 Cir.1969, 406 F.2d 325, 327–28. Although the instruction also provided that the award should include such damages, "*if* any", and although the court had also immediately previously instructed the jury that it should "assess as damages the amount you find justified by a preponderance of the evidence", T.G. & Y. argues that the Instruction No. 9 may have misled the jury into believing it could award to Peters reasonable medical expenses even if the monetary amounts thereof were not shown by the record. However, since from the record evidence and arguments of counsel to the jury it is obvious that the minimal amount of actual or prospective medical expenses was not any major consideration (future loss of earnings, pain and disability were principal items sought), we need not reach the issue of whether this instruction would have required reversal, especially since on our remittitur on the failure to give the discount instruction any slight prejudice, if any, caused the defendant will be cured.

■ T.G. & Y. also contends that the district court erred in refusing to give its Instruction No. 15, requiring the jury to discount to present value any award of future earnings. In a diversity case, the determination of damages is substantive and thus is governed by state law. *See L.C.L. Theatres, Inc. v. Columbia Pictures Industries, Inc.,* 5 Cir.1980, 619 F.2d 455, 456. Whether an award of future damages must be reduced to its present value is an issue controlled by state law. *See, e.g., Budge v. Post,* 5 Cir.1981, 643 F.2d 372, 375. Although Mississippi law does not seem to *require* that the damages must be reduced to their net present value, *see, e.g., Atwood v. Lever,* Miss.1973, 274 So.2d 146, 148–49; *Kincade & Lofton v. Stephens,* Miss.1951, 50 So.2d 587, 591 (en banc) (no discounting

instruction given with respect to future damages), this charge has been held proper and has been routinely given in wrongful death cases. *See Dickey v. Parham,* Miss. 1974, 295 So.2d 284, 286; *Louisville & N.R. Co. v. Garnett,* 1922, 129 Miss. 795, 93 So. 241, 243.

■ It is impossible to determine in this case whether the jury awarded $50,000 primarily to compensate Peters for pain and suffering or for future loss in earning capacity (actual lost earnings and medical expenses amount to little). We find that insofar as damages are based on future earning capacity, the Mississippi court would find the failure to grant an instruction on discounting, on request, to constitute reversible error. *Cf. Ball v. Delta Marine Co.,* 5 Cir.1973, 476 F.2d 287, 288. If the plaintiff's total claimed damages based on future earnings—estimated as between $60,000 and $250,000, depending on the jury's assessment of the plaintiff's future disability—were discounted to their present value and added to proved actual damages (disregarding pain and suffering), the jury award for future wage-loss could not have resulted in an amount less than $25,000.

■ Under the rule in this circuit, where as here there is no showing that the jury was actuated in its verdict by passion or prejudice, it may be appropriate for the appellate court to consider ordering a conditional remittitur to the maximum award that the evidence could support. *Howell v. Marmpegaso Company Naviera, S.A.,* 5 Cir. 1976, 536 F.2d 1032, 1034–1035; *Bonura v. Sea Land Service, Inc.,* 5 Cir.1974, 505 F.2d 665. *See* C. Wright & A. Miller, Federal Practice and Procedure, § 2820, at 133–34. As noted above, the maximum award possible (*i.e.,* by applying a discount to the minimum figure of future wage-loss that could reasonably be found by the jury, without any allowance for pain and suffering or medical expenses) is $25,000.

Accordingly, the judgment is RE-VERSED and REMANDED for a new trial, unless the plaintiff is willing to remit all damages in excess of twenty-five thousand dollars within a time to be fixed by the district court on remand. The award to bear interest from the date of the original judgment's entry. The defendant-appellant to pay cost below and of this appeal.

REMITTITUR ORDERED, IN ALTERNATIVE TO NEW TRIAL.