480 So.2d 1113 (1985)
COASTAL STATES LIMITED
v.
CITY OF GULFPORT, Mississippi.
No. 55991.
Supreme Court of Mississippi.
November 13, 1985.
*1114 David S. Raines, Page, Mannino & Peresich, Biloxi, for appellant.
John F. Hester, Gulfport, for appellee.
Before PATTERSON, C.J., and HAWKINS and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
There is no question but that the City of Gulfport holds a dedicated right-of-way for utility and street purposes between the Central Gulfport Addition and Villa Del Rey Subdivision to that city. The problem is that the City has now laid sewage line within what it contends is its right-of-way, only to have the owners of Central Gulfport's northernmost contend that the line is 60 feet too far south. All of this has led to this litigation the central issue of which is where on the ground, not in theory, the City's right-of-way lies.
The Villa Del Rey Subdivision and Central Gulfport Addition adjoin each other. In theory the south line of Villa Del Rey and the north line of the Central Gulfport Addition each lie along the half section line of Section 32, Township 7 South, Range 11 West of Harrison County, Mississippi, for the plats of record so provide. Indeed, the parties stipulated that Central Gulfport Addition has as its northern boundary the half section line of Section 32.
In 1967, Coastal States Limited, a Mississippi corporation, acquired some 52 unimproved lots along this northern line of Central Gulfport Addition. In 1976 the City of Gulfport, without so much as a "by your leave", "kiss my foot" or other form of notice, laid sewer line some 60 feet south of the north line of those lots. Coastal argues that the City put its line outside the City's right-of-way.
Because its lots have been substantially reduced in value, Coastal has sued on the theory that the City's conduct amounts to a taking for which Coastal is entitled to just compensation. Miss. Const. Art. 3 § 17 (1890). The City of Gulfport's response is that it has laid the sewer line in the correct right-of-way and, accordingly, that it has taken nothing from Coastal that did not already belong to the City. The Circuit Court of Harrison County, First Judicial District, in accordance with a jury verdict, resolved all issues favorably to the City. This appeal has followed.

II.
The Villa Del Rey Subdivision  immediately to the north of the property in issue  has in part been developed. Reference to the half-section line of Section 32 as the southern line of the subdivision appears to have been long neglected. Over the years Villa Del Rey's owners have come to regard as the southern line of the subdivision a fence just north of an east-west ditch. The problem is that this ditch lies some 75 plus feet north of the right-of-way as the City claims it. Efforts to locate the correct half section line were described by several expert witnesses at trial. Suffice it to say that the original monuments appear to have been destroyed so that location of the half section line is open to some doubt.
It is in this context that Coastal urges that the true legal boundary line separating its 52 lots on the northern edge of Central Gulfport Addition from the southern line of Villa Del Rey Subdivision has been established by acquiescence to the point where the location (theoretical or actual) of the half section line is no longer of consequence.
Without doubt, the true boundary between adjoining properties may be established by acquiescence for a period in excess of ten consecutive years. York v. Haire, 236 Miss. 711, 112 So.2d 245 (1959); Butler v. Mayor of the City of Vicksburg, 17 So. 605 (Miss. 1895); see 6 Thompson, Commentaries On The Modern Law Of Real Property § 3036 (1962); Skelton, Boundaries And Adjacent Properties § 323 (1930). It may well be that these adjoining property owners have a true boundary established by acquiescence, irrespective of the correct location of the half section line. This acquiescence has no *1115 binding effect on the City of Gulfport for the rather obvious reason that it has not acquiesced  there is no evidence before us that the City had any knowledge of the putative "acquiesced" boundary. Nothing in Butler v. Mayor of the City of Vicksburg is to the contrary. In that brief opinion, the City of Vicksburg was agreeing that the boundary line was in a location fixed by the acquiescence of the adjoining property owners. The party there estopped had acquiesced. Here, to the contrary, the City has not agreed or, if you will, has not acquiesced.
Coastal's assignment of error concerns the trial judge's refusal of a jury instruction which would have explained the rule of acquiescence. The instruction would have authorized the jury, if it found the line between the two adjoining properties to have been established by acquiescence, to consider such as binding upon the City of Gulfport, notwithstanding that nothing in the instruction required a finding that the City of Gulfport had in fact acquiesced in the boundary. The instruction would further have authorized the jury to find for Coastal, notwithstanding that the sewer line may have been laid within the right-of-way when that right-of-way is identified by reference to the correct location of the half section line of Section 32. The parties' quibblings over the form of the instruction are of no consequence. The trial judge committed no error when he refused the instruction because, no matter how firm a boundary the parties may have established by acquiescence between themselves, such acquiescence does not on these facts operate to estop the City.
The City's position ultimately is that its surveyor correctly identified the half section line and, measuring the right-of-way from that point, it laid its sewage line therein. In view of what we have said above, Coastal is reduced to arguing that the City has incorrectly identified the half section line. Here we confront the familiar battle of the experts. Coastal relies upon the expert opinion testimony of M.E. Thompson, Jr., a civil engineer and registered surveyor, who presented expert testimony consistent with Coastal's theory. The City relies upon the opinion of Floyd Hovas, also a competent and experienced surveyor. Hovas located the section line which the City in fact used in determining where it would lay its sewage line.
How our Court should proceed in such matters is well established. Riley v. Richardson, 267 So.2d 901 (Miss. 1972), for example, provides: (1) When a surveyor is called upon to establish a land line between coterminous owners, he should begin at an established government corner called for by the field notes and find the evidences or some of them sufficient to show that it was a correct corner, or (2) in the event that a section corner cannot be identified by the field notes with reasonable accuracy, then the line can be established by general reputation in the community and by extrinsic evidence. 267 So.2d at 903-904; see also Buckwalter Lumber Company v. Wright, 159 Miss. 470, 476, 132 So. 443, 445 (1931).
The plat dedicated in 1906 reflects that the northern boundary line of Central Gulfport Addition is the half-section line of Section 32. Accordingly, the City's easement as dedicated lies immediately south of the half section line. Before installing its sewer line, the City engaged surveyor Hovas to locate its right-of-way. Since in the City's right-of-way on the ground lay immediately south of the on-the-ground location of the half-section line of Section 32, surveyor Hovas' task was to establish that half-section line. Once this was done, the rest would be easy.
The government corners could not be found. Hovas relied on the field notes and reset one of them from the witness tree stumps. He said:
I found those stumps right where the government [field notes] said they were, and then I worked back to set the corner in its original position.[1]
*1116 From this Hovas established the half-section line of Section 32. The City's right-of-way lay immediately to the south.
A troublesome feature of this case concerns the location of an opened east-west city street immediately to the east. This street is also supposed to be on the half-section line and logically should be an extension of the right-of-way in issue. In fact, the street is some 60 feet north of the westward projection of Hovas' half-section line. Either the street has been laid along the wrong course, or Hovas' line is wrong.
Notwithstanding, we find that Hovas, acting on behalf of the City of Gulfport, established the half section line with reasonable accuracy using the procedures approved in Riley. The fact that there may have been contrary evidence through the no doubt competent expert testimony of Coastal's expert surveyor is beside the point. The same is true of the presence of arguably inconsistent landmarks, such as the street just mentioned. The jury resolved the matter against Coastal, and the evidence in support of the jury's verdict is of sufficient substance that we may not disturb what the jury has done. Stubblefield v. Jesco, Inc., 464 So.2d 47, 54 (Miss. 1984); City of Jackson v. Locklar, 431 So.2d 475, 478 (Miss. 1983); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975).
Coastal finally charges that the verdict of the jury was against the overwhelming weight of the evidence. Here, in effect, Coastal complains that the trial judge erred in overruling its motion for a new trial. The grant or denial of a motion for a new trial is and always has been a matter largely within the sound discretion of the trial judge. Clark v. Columbus & Greenville Railway Co., 473 So.2d 947, 950 (Miss. 1985). A corollary proposition is that our authority to reverse is limited to those cases wherein the trial judge has abused his discretion. Jesco, Inc. v. Whitehead, 451 So.2d 706, 714-17 (Miss. 1984); Illinois Central Railroad Company v. Harrison, 224 Miss. 331, 80 So.2d 23, 26 (1955). The verdict of the jury is well within the evidence.

III.
We note two practical considerations. Municipalities such as the City of Gulfport hold sewer and utility rights-of-way by the hundreds, if not the thousands. They are charged with utilizing these rights-of-way to provide basic public services to the people of their community. The ascertainment of the location of these rights-of-way must of necessity be made by reference to the plats designated by the developer, accepted by the City and of public record. Our law would be wholly impracticable if it held the City's government hostage to every private boundary agreement adjoining landowners may make. A City is entitled to proceed on the assumption that the plat is correct, unless the City has in some legally effective way acquiesced in the removal of its right-of-way to conform to a privately changed boundary line.
To be sure, this entire matter might have been avoided if, before the sewer line were laid, someone on behalf of the City had exercised a simple courtesy by calling Coastal and advising Coastal of the City's plans. Because of the topographical features then extant  the "ditch" and southern boundary of Villa Del Rey, the opened street to the east that was also supposed to be on the half-section line, it should have occurred to someone with the City to contact Coastal before proceeding. Had this been done, any problems regarding the location of the boundary line and the City's right-of-way could no doubt have been resolved amicably. For better or for worse, however, there is no requirement in law that the City exercise such courtesy, simple though it would have been. Because the City adduced at trial legally sufficient evidence to establish that it correctly identified its right-of-way on the ground and thereupon obtained a verdict in its favor, its actions are beyond our authority to disturb.
AFFIRMED.
*1117 PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Hovas testified that the corners he could locate by the field notes were the west quarter corner and the northwest corner of Section 32. The other corners are approximated.