515 So.2d 940 (1987)
Kennie E. MIDDLETON
v.
James Charles EVERS.
No. 57175.
Supreme Court of Mississippi.
November 12, 1987.
*941 Bennie L. Turner, Walker & Turner, West Point, Tyree Irving, Walls & Irving, Greenville, Thomas J. Lowe, Jr., Jackson, for appellant.
William Riley, Natchez, Michael L. Knapp, Jackson, for appellee.
Before ROY NOBLE LEE, ROBERTSON and GRIFFIN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Kennie E. Middleton has appealed from a judgment of the Circuit Court of Jefferson County, entered upon a jury verdict, holding that James Charles Evers is the duly elected Mayor of the Town of Fayette, Mississippi, and is entitled to a commission from the Governor of the State of Mississippi entitling him to hold the office. Middleton assigns nine (9) errors, which he asserts were committed by the lower court during the trial, and contends that, if it appears to this Court the will of the voters cannot be ascertained, another special election should be ordered, or, the case should be remanded to the lower court for a new trial. Evers has cross-appealed as to three rulings of the lower court, which were objectionable to him.
The Democratic municipal primary election for the office of Mayor, Town of Fayette, Mississippi, was held May 14, 1985. A run-off election was held between appellant Middleton and appellee Evers on May 21, 1985, and it was determined that appellant was the winner by a margin of eleven (11) legal votes.
On June 3, 1985, appellee filed a petition with the Fayette Democratic Executive Committee contesting the result of the election and, on June 10, 1985, the executive committee, without notifying contestant Evers, met and determined that the Middleton win should be upheld. Thereupon, Evers filed a petition for judicial review, alleging numerous irregularities in the second primary election.
Pursuant to MCA § 23-3-47 (1972), a special tribunal was convened, with Circuit Judge Joe G. Moss presiding over the contest. On July 15, 1985, the contest hearing commenced before the special tribunal, and on July 19, 1985, the tribunal held that a "substantial departure from statutory requirements" for the holding of elections had occurred during the second primary, and it was recommended that the second election be set aside and a special election be ordered by the Governor.
On August 20, 1985, a special election was held, and, after tabulation of the votes, Middleton was again determined to be the winner. The official results of the election were: Middleton  483 votes; Evers  475 votes.
Subsequently, Evers filed a Petition to Contest Election in the Circuit Court of Jefferson County, alleging certain irregularities in the election. This contest came to trial on October 14, 1985, with Honorable Edwin E. Benoist, Jr., presiding, and, after hearing the testimony and evidence, which included the testimony of many of the contested voters, the Circuit Clerk of Jefferson County and two expert witnesses, the jury unanimously found that all contested ballots should have been counted, and determined that Evers received the greatest number of legal votes cast in the August 20, 1985, special mayoral election. Pursuant to MCA § 23-5-187 (1972), the Circuit Court Clerk issued a certificate to the Governor of the State of Mississippi, stating the jury's determination and qualifying Evers to be commissioned by the Governor to the office of Mayor of the Town of Fayette, Jefferson County, Mississippi.

I.

THE TRIAL JUDGE WAS BIASED AND SUCH BIAS PREJUDICED THE APPELLANT.
The basis of this assigned error is a statement made by the trial judge to appellant's attorney following a discussion between the judge and a potential juror as to *942 whether the juror would be qualified to serve, since he had been convicted of a felony. An individual seeing and hearing the conversation reported same to the appellant's attorney, who inquired of the judge concerning the incident. The judge referred to the person reporting the matter to appellant's attorney as "Your little pimp." The attorney made a motion for mistrial because of the incident, and, on this appeal, he contends that, as a result of the trial judge's attitude, he did not receive a fair trial.
An occasional display of irritation, usually regretted as soon as made, does not suffice to show personal bias or prejudice, whether the irritation was justified or not. See Walker v. Bishop, 408 F.2d 1378, 1381 (8th Cir.1969); Rosen v. Sugarman, 357 F.2d 794, 798 (2d Cir.1966).
Cases cited by appellant, such as Smith v. State, 239 Ga. 477, 238 S.E.2d 116 (1977), and Hulme v. Woleslagel, 208 Kan. 385, 493 P.2d 541 (1972), are distinguished from the case at bar.
We have carefully examined the record in this case and do not find any conduct or statement, other than that referred to hereinabove, made by the judge during the trial, which could be interpreted to show partiality, prejudice or unfairness, and we are convinced that the trial below was conducted fairly and even handedly by the trial judge as to both parties. Therefore, the Assignment I is rejected.

II.

THE JURY INSTRUCTIONS FAILED TO CORRECTLY STATE THE LAW AND SERVED ONLY TO CONFUSE THE JURY.
We find it necessary to address only the Instruction P-2 granted for the appellee, which follows:
In order for a person to have been eligible to vote in the subject special election he or she must have been registered for a period of at least thirty (30) days prior to the said election, and have been a resident of the precinct in which he voted. A person is a resident of the precinct in which he voted, if he intended to permanently reside in such precinct, and this is true whether or not he was physically present in the precinct or not. A person will keep his residence, once it is established, until it is clearly shown that he has abandoned such residence.
Therefore, if you believe from a preponderance of the evidence, that any voter intended to permanently reside in Fayette, Mississippi, or that he/she had formerly resided in Fayette, Mississippi but never abandoned his/her permanent residence, then you must count his/her ballot.
Following the Instruction P-2, the court granted Instruction D-8:
The court instructs the jury that a person's residence is where he or she has his or her true, fixed, permanent home and principal establishment, and to which whenever he or she is absent, he or she has the intention of returning. The court further instructs the jury that when a person acquires another residence and removes him or herself to the other residence with intent to remain there, he or she has then changed his or her residence.
The appellant contends that Instruction P-2 did not adequately state the law and that it was confusing to the jury. Appellee concedes that the instruction was erroneous but that, considering all of the instructions together, particularly P-2 followed by D-8, they correctly announced the law and removed any inaccuracy and confusion. The rule is well settled that instructions to the jury are to be taken collectively and read and considered together, and if, in reading the instructions together they adequately and properly instruct the jury on the issues, any individual instruction given to the jury will not constitute reversible error. Detroit Marine Engineering v. McRee, 510 So.2d 462, 467 (Miss. 1987); Susan Garcia v. Coast Electric Power Ass'n, 493 So.2d 380 (Miss. 1986); Mississippi Farm Bureau Mut. Ins. Co. v. John W. Todd, 492 So.2d 919 (Miss. 1986).
Some members of the Court are concerned whether the instructions, read together, *943 adequately informed the jury and do not constitute reversible error. However, careful examination of the record reflects that only two votes would be affected by the Instruction P-2, and those votes would not change the election.
The assigned error is rejected.

III.

THE BAILIFF'S PRESENCE IN THE JURY ROOM DURING THE TRIAL WAS HIGHLY PREJUDICIAL.
The appellant argues that bailiff James Gales, a former alderman under the Evers administration, was present in the jury room with the jurors and out of the presence of other court officials on several occasions during the trial proceedings, which resulted in prejudice to appellant Middleton. When appellant became aware of such fact, he moved for a mistrial. Prior to ruling on the motion, the court granted appellant the opportunity to examine both court bailiffs, James Gales and Mary Chamberlain. Appellant called and questioned only Chamberlain. The examination follows:
Q. While you were seated outside of the jury room moments ago, Mr. Gales was inside the jury room with the door closed; isn't that correct?
A. That's right, that's correct.
* * * * * *
Q. My question is that he has, Mr. James Gales, that is, has been in the jury room with the jury behind closed doors several times during this trial; isn't that correct?
A. That's correct.
* * * * * *
MR. RILEY:
Q. Mrs. Chamberlain, do you know why he went in there, why he went in the room?
A. Yes sir, I do.
Q. Why?
A. He went in there to watch those boxes so wouldn't nobody interfere with them.
The appellant relies solely upon Lee v. State, 226 Miss. 276, 83 So.2d 818 (1955), where a material witness for the State, the sheriff, served as jury bailiff assisted by two of his deputies who also were State witnesses. There was no proof that the sheriff or his deputies attempted to influence the jury, but the "appearance of unfairness" was determined to exist. This Court stated that "there [was] no reason why a material witness should serve as jury bailiff and the use of state witnesses as such was reversible error." Lee, supra, 83 So.2d at 821. However, Lee is distinguishable from the case sub judice. Gales' sole function at the trial was as an officer of the court. Further, this Court has established that the rule announced in Lee, supra, applies less strictly in civil cases. In Atwood v. Lever, 274 So.2d 146 (Miss. 1973), the Court stated that:
A mistrial or a new trial should not be granted on this ground in a civil case, unless the circumstances indicate some prejudice, wrongful intent, or unfairness. [Emphasis added]
274 So.2d at 147.
In Leflore v. State, 439 So.2d 675 (Miss. 1983), the Court stated:
No harm of any kind resulted, except the embarrassment the bailiff caused the Court. Defense counsel never attempted to show that any kind of impropriety occurred in the jury room. Had there been any, evidence of it was clearly available, from the bailiff and members of the jury. See:

Johnson v. State, 106 Miss. 94, 63 So. 338 (1913).
439 So.2d at 678.
In denying the motion for mistrial, the judge said:
The court's belief that with fourteen jurors in that jury room ... any misbehavior by Mr. Gales in that jury room would be reported to this court. With fourteen people sitting there observing him while he was in that room and as an officer of the court, the court has faith in Mr. Gales to carry out his obligations honestly and sincerely.
The third assignment is rejected.

*944 IV.

THE BALLOTS OF ANTONIO WRIGHT AND RONNIE WRIGHT SHOULD NOT HAVE BEEN COUNTED.
At the trial, Antonio Wright admitted that he had been convicted of burglary in the State of Florida, and his brother, Ronnie Wright, testified that he had been convicted in the State of Florida, but was unsure of the crime.
Appellant admits that he recognizes "this Court has ... declared that conviction of a crime in another state or even in the federal courts does not create disability to vote under our statutes." He contends that "none of the statutes or the constitutional provision exclude convictions in other states" as grounds for disenfranchisement and contends this Court should overrule State, ex rel. Muirhead v. State Board of Election Commissioners, 259 So.2d 698 (Miss. 1972), cert. den. 409 U.S. 851, 93 S.Ct. 64, 34 L.Ed.2d 94 (1972), and the line of cases upon which that decision was based.
Mississippi Constitution, Art. 12, § 241 declares the qualifications of qualified electors. Mississippi Code Annotated §§ 23-5-35 and 99-19-35 (1972) state disqualifications for electors, who have been convicted of certain crimes. The first such section limits convictions for disqualification to those which have occurred within the State of Mississippi.
In Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429 (1892), the United States Supreme Court decided:
At common law, and on general principles of jurisprudence, when not controlled by express statute giving effect within the State which enacts it to a conviction and sentence in another State, such conviction and sentence can have no effect, by way of penalty, or of personal disability or disqualification, beyond the limits of the State in which the judgment is rendered... .
The Mississippi Supreme Court followed that reasoning in deciding Mitchell v. McDonald, 164 Miss. 405, 145 So. 508 (1933), and reaffirmed same in State, ex rel. Muirhead, supra.
The fourth assigned error is rejected.
V. THE BALLOT OF ELLA CLARK, WILSON CLARK, FRANCIS WILSON FELTON, LOUISE JACKSON ELLIS, CHARLIE ELLIS, KENNEDY JACKSON AND CLEVE VANDERSON SHOULD NOT HAVE BEEN COUNTED BECAUSE THEY WERE NOT RESIDENTS OF THE TOWN OF FAYETTE.
VI. THE BALLOT OF EDWARD GAMBLE SHOULD NOT HAVE BEEN COUNTED.
VII. THE BALLOT OF ROBERT LEE LOWE SHOULD NOT HAVE BEEN COUNTED.
VIII. THE BALLOT OF DONALD McINTIRE SHOULD NOT HAVE BEEN COUNTED.
IX. THE BALLOTS OF VENELLA AND SADIE WESLEY SHOULD NOT HAVE BEEN COUNTED.
In the above assigned errors, the appellant Middleton questions the validity of eleven (11) ballots on residency grounds. All of the individuals, with the exception of Donald McIntire, testified at trial. The geographic location of each individual's home and voter registration information was set forth in the testimony of Augusta D. Ballard, City Clerk and Registrar. She testified that each of the above-listed voters appeared on the registration books of the City of Fayette at the time of the special election.
Bennie J. Sellers, a professional engineer and registered land surveyor in the State of Mississippi, gave expert testimony on behalf of appellee Evers. His assignment was to establish the physical locations of the residences of registered voters with reference to the municipal limits of the Town of Fayette. Those individuals whose residences were so established were enumerated as thirty-one (31) persons. Sellers established boundary lines of Fayette, and testified that the homes of Ella Clark and Wilson Clark, Cleve Vanderson, Kennedy Jackson, Louise Jackson Ellis and Charles Ellis, were bisected by the municipal *945 boundary lines. All other questioned voters, according to Sellers, were clearly within the municipal boundary lines of Fayette. Sellers also determined that two ballots were cast by voters who were outside the Fayette city limits, i.e., Hazel Reed and Shirley Ford. However, the record reflects that neither of those ballots were questioned on this appeal.
The procedure utilized and followed by appellee's expert witness Sellers comports with the procedure stated in Coastal States Ltd. v. City of Gulfport, 480 So.2d 1113 (Miss. 1985); Riley v. Richardson, 267 So.2d 901 (Miss. 1972); Burrow v. Brown, 190 So.2d 855 (Miss. 1966); Buckwalter Lbr. Co. v. Wright, 159 Miss. 470, 132 So. 443 (1931).
Roland Roberts, Southern Cadastrol Surveys, Inc., was the expert surveyor for appellant. His testimony differed from that of Bennie Sellers, the appellee Evers expert. However, on questions of fact, the jury resolves those questions, and this Court will not disturb the verdict of the jury when supported by the evidence. Coastal States Ltd. v. City of Gulfport, supra; Stubblefield v. Jesco, Inc., 464 So.2d 47, 54 (Miss. 1984); City of Jackson v. Locklar, 431 So.2d 475, 478 (Miss. 1983); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975).
The assigned errors discussed herein are rejected.
The Court, having thoroughly considered the record, briefs and argument of counsel, is of the opinion that the judgment of the lower court should be, and it is, affirmed.

CROSS-APPEAL
The appellee Evers filed a cross-appeal from the judgment of the lower court raising certain rulings of the trial judge on matters unfavorable to appellee. In view of the decision of this Court on the direct appeal, the cross-appeal becomes moot and we decline to discuss the points presented in it.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.