IN THE COURT OF APPEALS
**OF THE**
**NO. 97-CA-01468 COA**

**ADRIAN CARTER A/K/A ADRIAN Z. CARTER**           **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/07/1997 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JIM WAIDE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - FELONY |
| TRIAL COURT DISPOSITION: | DENIAL OF POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/30/98 |
| MOTION FOR REHEARING FILED: | 1/13/99 |
| CERTIORARI FILED: | 4/6/99 |
| MANDATE ISSUED: | |

BEFORE BRIDGES, C.J., PAYNE, AND SOUTHWICK, JJ.

SOUTHWICK, JJ, FOR THE COURT:

¶1. Adrian Carter was denied post conviction relief by the Clay County Circuit Court. On appeal he argues ineffective assistance of counsel, lack of impartiality by the circuit court judge, improper exclusion of evidence, and failure of his guilty plea to conform to due process requirements. Finding no error, we affirm.

**FACTS**

¶2. Adrian Carter was indicted for sexual battery. Carter had been a band instructor at the Oak Hill Academy in West Point. While employed there, he became sexually involved with a fifteen-year-old

student. This child had formerly been a student of Carter's but was no longer one at the time their relationship was consummated, though Carter was still a teacher and the child a student at the school. Originally charged with sexual battery, Carter plead guilty to seduction and received a six year sentence. He now claims that improper legal counsel resulted in an erroneous decision by him to plead rather than have a jury trial. Carter petitioned for post conviction relief with the Clay County Circuit Court and a hearing was held on September 30, 1997, resulting in his motion being denied.

## DISCUSSION

### ISSUE 1: Effectiveness of counsel

¶3. The issue of ineffective assistance of counsel is rooted in the trial counsel's failure to conduct any interviews of witnesses other than Carter himself. During the post conviction relief hearing, the trial counsel, Mr. Bambach, defended this decision by stating that Carter had agreed with the information contained in the discovery material. Carter was charged with sexual battery which carries a possible sentence of thirty years. Mr. Bambach did not believe his client would be convicted of sexual battery because his client was no longer the victim's teacher at the time of the crime. The district attorney disagreed and took the position that Adrian Carter's position as a teacher in the school was sufficient. The statute provides in part:

> A person is guilty of sexual battery if he or she engages in sexual penetration with a child of fourteen (14) but less than eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's teacher . . . .

Miss. Code Ann. § 97-3-95 (2) (Rev. 1994).

¶4. Counsel could not have known, absent case law that did not exist, the final interpretation of the statute. However, there was a reasonable possibility that any "position of trust" would justify a conviction, including being a teacher in a school in which the child was a student.

¶5. More generally Carter argues that his attorney failed to investigate his case. Constitutionally, ineffective counsel arises when there has been a "deficient performance and resulting prejudice from those deficiencies, " which we evaluate after looking "to the totality of the circumstances." *Payton v. State*, 708 So. 2d 559, 563 (Miss. 1998). Whether or not a failure to interview witnesses constitutes deficient representation depends on the particular facts of the case. We address under the third issue the overall question of reasonable investigation, as there the defendant discusses what the result of an investigation would have been.

¶6. Preliminarily, though, we note that Carter informed his counsel that the witness statements made available in the State's discovery were essentially correct. That would mean that the basic claim was true that he had sexual relations with a student at least fourteen but under eighteen years of age at a school in which he taught. This admission is an unusual situation and explains why a defense counsel may reasonably determine interviews by him of these witnesses would be of no substantial value.

¶7. Carter ultimately pled to seduction instead of sexual battery. His sentence was six years instead of a possible thirty years (a dispute regarding the proper sentence for Carter's offense is discussed in the section

on issue number 2). Carter's attorney testified at the post conviction proceedings that he decided not to rely on his legal theory regarding the inapplicability of the sexual battery statute, because he had heard that the district attorney might have other charges. Counsel testified that the district attorney and the sheriff told him of charges involving other children, though some charges might have to be brought in a different county. The potential of these other charges also did not lead to an investigation.

¶8. What counsel and Carter apparently evaluated was a risk that Carter would have been convicted for sexual battery. Near the day of trial a concern arose that was not yet investigated that other charges involving other children might be brought. An answer had to be given on whether to enter a plea bargain on a lesser offense. Carter decided to plead to seduction.

¶9. By itself, acquiring a six year sentence for Carter, regardless of the potential for any other charges, was a reasonable day's work for counsel considering Carter's risk of a thirty-year sentence. The potential of other charges was something for counsel and defendant to discuss, but a decision was reached without having all the information that would have been preferable to have. That is often the case in plea negotiations. Evaluating the known risks and weighing the unknown, client and counsel reached a decision to enter a plea.

¶10. Advising a client to plead to seduction was reasonable legal advice given the situation, unless counsel failed in a duty to investigate further. To avoid repetition, we defer discussion of that until issue number 3.

### ISSUE 2: Ineffectiveness because maximum sentence was only six months

¶11. Carter raises several points on this issue that we have already addressed. A new issue is that a thirty years sentence was not possible because the maximum available would have only been six months. Carter quotes a criminal statute that quite possibly also applied to Carter's conduct with the student. *See* Miss. Code Ann. 97-29-3 (Rev. 1994) (when a teacher has sexual relations with a student who is under age eighteen, the maximum penalty is six months in jail and/or a $500 fine). However, Carter is in error when he concludes that he would have been entitled to sentencing under that statute. The State is not required to proceed under the lesser statute. The State is only required to be clear as to which statute is the one being utilized. *Beckham v. State*, 556 So. 2d 342, 343 (Miss. 1990). The indictment specifically states the code section Mr. Carter was accused of violating and it was Section 97-3-95, not Section 97-29-3. When the charge is unclear, then it is necessary to sentence under the less severe statute. *Gray v. State,* 549 So. 2d 1316, 1325 (Miss. 1989).

¶12. The fact that the penalty statute is not listed in the indictment is irrelevant. The legislature has without ambiguity provided that the penalty for sexual battery is found in Section 97-3-101.

### ISSUE 3: Due process claims, including exclusion of evidence

### a. Exclusion of evidence of other crimes and prejudice

¶13. The trial judge refused to admit certain testimony tending to show that Carter had not committed other crimes. Carter wished to show the prejudice resulting from the deficiency of his counsel by proving that no other offenses had occurred. It is true that such evidence would be relevant for whether an investigation by counsel would have discredited the other charges. Perhaps his attorney could have investigated had he secured a continuance from the trial that was imminent at the time that he first learned of the possibility of other charges. If the failure to conduct an investigation on other charges tends to show ineffectiveness of

counsel, then the result of such an investigation is necessary evidence on whether any prejudice resulted.

¶14. The issue for the trial court, though, was whether knowing what counsel and Carter knew at the time of his plea, was there ineffective counsel in failing to investigate? What they knew included some knowledge of what areas of the case they did not know. Carter knew whether other offenses had occurred, though he would not have known what evidence the State might have wished to use to prove them. The logical path that Carter would have us follow is that a) an investigation could have been performed; b) an investigation should have been conducted before any consideration was given to a plea; c) an investigation would have discredited the potential of other charges; and d) the result of that discrediting would have benefitted Carter.

¶15. We cannot follow that path. As stated in the pre-eminent case on ineffectiveness of counsel:

> Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, *viewed as of the time of counsel's conduct*. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland v. Washington,* 466 U.S. 668, 690 (1984)(emphasis added).

¶16. *Strickland* involved a challenge to a counsel's investigation, just as Carter challenges here. In deciding whether counsel fell short, various situations were discussed in the case:

> strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Id.* at 690-91. In determining the reasonableness of not making an investigation, counsel's actions may be "substantially influenced by the defendant's own statements or actions. . . . In particular, what investigation decisions are reasonable depends critically on such information. For example, . . . when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Id.*

*¶17.* As became evident at the post conviction hearing, Carter had conceded his sexual relation with a student. The statute described sexual battery as sexual penetration of a child over age fourteen but less than eighteen years of age, "if the person is in a position of trust or authority over the child including without limitation the child's teacher. . . ." Miss. Code Ann. § 97-3-95 (Rev. 1994). We find that a teacher in a school that a child of that age attends, has "a position of trust or authority over the child" sufficient to fit within the meaning of the statute. There is nothing in the statute that would limit the meaning to a student who is in a specific class of the teacher. Teachers, administrators, and others in a position of authority in a school

have a duty under the criminal statutes to avoid sexual relations with students in that school. The duty does not depend on the class roster of students but on the status of authority figures.

¶18. Therefore the facts to which Carter admitted would have allowed his conviction. Even if his attorney had doubts concerning the applicability, those doubts would not have prevented his conviction on facts that were not contested and for which the State had ample evidence. We cannot find any prejudice to Carter for his counsel's failure to discover what other crimes might have been chargeable. For purposes of our analysis, we accept that such an investigation would have uncovered no other offenses. If that would have emboldened Carter to reject a plea to seduction and a six year sentence, then the probable effect would have been conviction, a higher sentence, and an affirmance on appeal.

¶19. Therefore, proving what an investigation would have uncovered regarding other crimes was irrelevant to the validity of the plea that he entered. What might have been found is not probative of whether, knowing what counsel did at the time of his advice, there was ineffectiveness by not looking for evidence. It is reasonable foresight, not impossible hindsight, that is measured by the ineffectiveness standard. We find the exclusion of the evidence to have been harmless, as the issue of prejudice on these facts never became relevant.

### b. Evidence of seduction

¶20. In addition Carter argues that there was no evidence to permit the plea to seduction to be accepted. There was evidence that Carter gave the student an emerald and diamond ring, talked to her of marriage, and took her to movies. He also had a position of trust as a teacher in her school. For seduction, it must be proven that a child of previously chaste character who is less than eighteen years old and younger than the defendant, has been "seduced." Miss. Code Ann. § 97-5-2 (Rev. 1994). No issue is made regarding any of these factors other than the seduction. That word means to entice to have sexual intercourse "by means of persuasion, promises, bribes or other means without employment of force." Black's Law Dictionary at 1358 (6th ed. 1991).

¶21. These facts could easily combine to create a strong case for showing seduction.

### c. Demeanor of trial court

¶22. The trial judge appears at times to have become frustrated and testy in the proceedings. For example, when one witness on two successive occasions answered questions despite that an objection was raised before the answer, the court explained that she was supposed to wait for him to rule. Next time, the court said she was to "shut up" until an objection was ruled upon. That judges *should* maintain at all times absolute impartiality and decorum is beyond debate. That judges nonetheless at times reveal their humanness is not evidence of bias. We find no prejudice on the part of the court based on this or other statements. *See Middleton v. Evers*, 515 So. 2d 940, 942. (Miss. 1987).

¶23. The court also refused to exclude the former attorney Bambach from the courtroom after Carter's new counsel called for all witnesses to be sequestered. M.R.E. 615. Though the rule is mandatory once a request is made, the court declared that the nature of the proceedings -- post conviction relief -- caused him to deny the motion. None of the other witnesses were excluded either, including Carter's witnesses. The only State witness was Bambach. He was the second witness called, and thus heard all of what was said by the first witness, Carter himself.

¶24. Though we find that there was error in the failure to exclude the witnesses after a timely request was made, there was no harm. The only witness about which there is a complaint was Bambach. As Carter's counsel himself stated at the end of Bambach's testimony, the only point of disagreement between Carter and Bambach dealt with the alleged suggestion by Bambach that letters between the student and Carter be destroyed. Bambach denied ever saying that. The trial court was well aware of the disagreement, and we find it highly unlikely that the reason for the different recollections had anything to do with Bambach's being present during Carter's testimony.

### ISSUE 4: Excluding testimony that Carter's attorney told him to destroy evidence

¶25. Carter's father stated that he was present during a conference between Bambach and his son. Bambach mentioned a phone call with Carter in which the issue of the letters was discussed, but denied having told Carter to destroy letters from the student to Carter. That phone call would appear to be the same circumstance as the "conference" mentioned by Carter's father. A hearsay objection was sustained when the father was asked what the attorney Bambach had said about the letters. The court then denied the opportunity to make a proffer at that time, but stated that it could be made after the proceedings were concluded and matters on certain other cases were resolved.

¶26. The court also said, "You can ask him 'do you admit or deny Mr. Bambach making this statement?' You can't get him to say what Mr. Bambach said." Carter's counsel never tried to form a question based on that ruling, nor did he later make a proffer.

¶27. Unless the father overheard what Bambach said, the testimony would have been hearsay. There is an inconsistency between Carter's father saying that there was a conference and Bambach indicating that it was a phone call. Carter's post conviction counsel argued that his father's statement would have been impeachment. If all that would have been mentioned was a statement of what his son quoted Mr. Bambach as saying, that is not impeachment. The record is unclear however. Certainly Carter's father himself might have elaborated on whether there was a meeting.

¶28. Carter himself testified that it was while the two men were in an automobile that his attorney told him to throw the letters away. Bambach denied that conversation. The attorney did acknowledge that he told Carter that if he had letters, it would be necessary to give them to the prosecution. The argument made here by Carter is that the letters would have shown there was no seduction, but that the student was infatuated with Carter. That may be, or they may have only shown how effective the seduction was.

¶29. In the judge's written ruling he stated that he found Bambach much more believable than Carter regarding the issues, including the alleged suggestion to destroy the letters. Thus it was a credibility decision. The factual issue was fully joined without the testimony of the defendant's father, and we find that the corroboration of what Carter stated, coming from the father, would not likely have been a significant factor for the trial court. Regardless, without a proffer having been made by Carter's counsel, we do not know what the testimony would have been. Further, there was some opening given by the court to permit the father to be asked whether he heard Bambach, but Carter's counsel failed to pursue that opportunity. We find no reversible error.

### ISSUE 5: Factual basis for a guilty plea to seduction.

¶30. Adrian Carter in his plea admitted that he was guilty of the crime charged, which was seducing the

victim. He admitted to intercourse, to discussing marriage and to giving her a valuable ring. This would have permitted a fact finder reasonably to infer that he had seduced her. At the hearing on a plea, the "factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial. Rules of evidence may be relaxed at plea hearings. Fair inference favorable to guilt may facilitate the finding." *Corley v. State*, 585 So. 2d 765, 767 (Miss. 1991). It is quite reasonable to conclude from these circumstances that Mr. Carter had seduced the victim. The trial court committed no error in rejecting relief.

**¶31. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.**